IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1831, IN THE FIFTY-FIFTH YEAR OF OUR INDEPENDENCE.

---

## LEWIS vs PALMER, WADSWORTH and BENJAMIN.

A *justice,* who issues a second execution after the first is satisfied, is a *trespass-er;* and it is no excuse that such second execution issued through the false representation of the plaintiff that the first was lost.

A *constable* acting under such second execution is not liable as a trespasser.

A recovery may be had for the full value of property sold under a void execu-tion, although not removed by the purchaser.

THIS was an action of trespass *de bonis asportatis,* tried at the Allegany circuit in October, 1829, before the Hon. AD-DISON GARDNER, one of the circuit judges.

Various articles of the plaintiff's property were sold by *Benjamin,* a constable of Allegany county, by virtue of an execution in favor of *Palmer,* issued by *Wadsworth,* a justice of the peace, on a judgment rendered by him in favor of Palmer against the now plaintiff and another person. A previous execution had been issued on the same judgment, which was endorsed *satisfied* by the plaintiff. Palmer ob-tained the second execution from the justice by represent-ing to him that the first had been lost. Application was made on the trial to have the defendant Wadsworth dis-charged on the ground that the testimony given was not

enough to charge him, so that he might be called as a wit-
ness for the other defendants. This the judge refused to al-
low, being of opinion that some evidence was given against
the justice, although notice of the satisfaction of the first ex-
ecution, previous to the issuing of the second, was not brought
home to him, and observed that he should so instruct the ju-
ry. Among the property sold was a stack of hay, which
was not removed by the purchaser, and the defendants re-
quested the judge to charge the jury not to allow damages
for its value, but only for the taking. He, however, charg-
ed the jury to assess damages for its value as well as for the
other property sold ; and told them it was a fit case for ex-
emplary damages, instructing them, however, to acquit the
justice. The jury acquitted the justice and found the other
defendants guilty, and assessed the damages at $128. The
defendants moved for a new trial.

*J. A. Collier*, for the defendants.

*G. C. Bronson*, (attorney-general,) for the plaintiff.

*By the Court*, SAVAGE, C. J. In my opinion the judge
did not err in refusing to direct the acquittal of the defendant
Wadsworth, for the purpose of having him sworn as a wit-
ness. The error, if any, was in charging the jury that
enough had not been shewn to render him liable.. When
the first execution was paid, the judgment was satisfied, and
the justice had no more jurisdiction to issue a new execu-
tion than if no judgment had ever been entered. 5 *Wen-
dell*, 240. He was probably deceived by the false represen-
tation of Palmer, but that does not excuse him from liability
to the injured party. (The execution was not merely void-
able, but absolutely void.) It was his duty to issue an exe-
cution ; this he had done, and he acted at his peril in issu-
ing a second execution upon the suggestion of Palmer that
the first was lost or destroyed.

There was no error in the direction given to the jury to
find the value of the hay. It was not necessary that it should
be removed to constitute a trespass. Assuming control over
another's property is a trespass. The act of selling the hay

without authority was a trespass. The justice, who issued the execution without authority, and the plaintiff, who procured it to be issued after his debt had been paid, were responsible for the injury sustained by the plaintiff in this cause; but the officer, who acted by virtue of process regular upon its face, issued by a magistrate who had jurisdiction of the subject matter and of the process of execution, was justified in proceeding to execute it. It is the duty of a constable to execute process regular upon its face, and within the legitimate power of the officer issuing it, without first inquiring into the regularity of the previous proceedings. This subject has been recently under the consideration of the court, and received a full discussion by Justice Marcy, in the case of *Savacool* v. *Boughton*, 5 *Wendell*, 170.

I am of opinion that a new trial be granted; costs to abide the event.