*Dana & Mather*, for appellants.

*Bacon*, for appellee.

## SHADBOLT *v.* BRONSON.

A judgment against C, in a justice's court, for $24..22 damages and $1..92 costs, was stayed by S for six months, instead of three months as the statute required. After the expiration of the six months, the justice issued execution on the judgment against both C and S, on which a mare belonging to S was taken and sold. In an action of trespass for taking and selling the mare, by S against the justice, *Held*, the justice had no right to issue the execution against S, for want of jurisdiction, and that, in doing so, he was a trespasser.

CASE reserved from Oakland Circuit Court. Shadbolt sued Bronson, before a justice, in an action of trespass, for taking and carrying away a mare, the property of Shadbolt, and recovered judgment for the value of the mare. Bronson appealed to the circuit court, and on the

trial of the cause in that court, it appeared that on the 19th July, 1844, one Gibbs recovered judgment against one Carpenter, before Bronson, who was a justice of the peace, for $24..22 damages and $1..92 costs; that on the same day Shadbolt executed an instrument in writing, by which he agreed to become security for the payment of the amount of the judgment in *six* months; and that, after the expiration of the six months, the judgment not having been paid, Bronson issued execution on the judgment against both Carpenter and Shadbolt, on which the mare was taken and sold. The question whether Shadbolt could recover, on these facts, was reserved by the circuit judge for the opinion of this court.

*M. L. Drake,* for plaintiff.

*Stevens,* for defendant.

*By the court,* MILES, J. The statute of 1841, regulating proceedings in justice's courts, page 102, sec. 77, provides that "no execution shall issue on any judgment rendered by a justice of the peace, if the judgment debtor shall, within five days after the rendition of the judgment, give security in writing, with one or more sufficient sureties, satisfactory to the judgment creditor or the justice, for the staying of the execution and for the payment of the debt or damages, with the interest thereon and costs, in three months, if the debt or damages shall not exceed twenty-five dollars," &c.

The 73d section provides, that "In all cases where security is given for stay of execution," (as thereinafter provided) "if the debt or damages and interest thereon, together with the costs, shall not be paid within the time limited by law for such stay, execution shall be issued by the justice, on application of the judgment creditor or his agent or attorney, against both principal and surety, in the same manner as if judgment had been entered against both principal and surety, on return of process personally served."

The defendant in the judgment did not furnish such security as the statute requires. The only condition upon which the execution could be stayed, was upon giving security for the payment of the damages, interest and cost within *three* months, and if the requisition of the statute was not complied with, the plaintiff in the judgment was entitled to have execution issued at the expiration of the five days.

Shadbolt *v*. Bronson.

The agreement of the plaintiff in this case, then, not being such as is contemplated by the statute, could not operate as a stay of the execution, and being insufficient for that purpose, it seems to this court it must be held to be entirely inoperative and void. It cannot be said to be good for the purpose of rendering the person who executed it liable to an execution if the judgment was not paid, and yet ineffectual to stay the issuing of such execution.

The 73d section furnishes all the authority which the defendant can claim for issuing the execution against the plaintiff in this suit; and he never having become such surety or stay as required by the statute, the justice acquired no jurisdiction as to him; and although he had, as he now contends, jurisdiction of the question of issuing an execution, yet it was only as to the defendant in the judgment.

If this position be correct, then the only remaining inquiry is as to the liability of the defendant to this action. The rule on this subject is well stated in Adkins *v*. Brewer, 3 Cowen's R. 206. In that case the justice had issued an attachment without the requisite proof being first in form presented to him, that the defendant was concealed or had departed; and he was held liable, as the statute not only pointed out what circumstances should justify such a proceeding, but directed the manner in which those circumstances should be made to appear to the court. Ch. Jus. Savage, in delivering the opinion, says, "the rule as to the justice's liability is, 'that when he has no jurisdiction whatever and undertakes to act, his acts are *coram non judice*, and void. If he has jurisdiction, and errs in exercising it, then his acts are not void, but voidable only. In the former case he is personally liable, in the latter not." See also Calvin *v*. Luther, 9 Cowen 61; Bigelow *v*. Stearns, 19 John. R. 39. In Lewis *v*. Palmer *et al.*, 6 Wendell 367, it was held that a justice of the peace who issued a second execution, after the first had been satisfied, though he did so upon the fraudulent representation of the plaintiff therein, that the first had been lost, was a trespasser. This decision was placed upon the ground of a want of jurisdiction. The first execution should have been returned unsatisfied, in whole or in part, or proof of its loss have been submitted, to authorize the issuing of another.

Rogers *v*. Mulliner, 6 Wendell 597, and Hoose *v*. Sherrill, 16 Wendell 33, have been referred to by defendant's counsel to sustain the

Shadbolt v. Bronson.

doctrine that, "in issuing process at the request of a party, a justice acts ministerially, and is justified in issuing any process within his jurisdiction which is demanded by a party, provided the justice acts in good faith." In Rogers v. Mulliner, suit was brought against both justice and plaintiff, for issuing a warrant without oath against a party who was a freeholder. The court admit the liability of the plaintiff in the warrant, and as we suppose upon the ground of the want of jurisdiction in the justice; the statute requiring an oath, and the same court having previously declared, in Bissell v. Gould, 1 Wendell 210, in a precisely similar case, that " without oath the justice has no jurisdiction over the person of the defendant, and all parties concerned in such arrest are trespassers." Ch. Jus. Savage, who delivered the opinion in both cases, says in the last case that this rule, as respects ministerial officers, must be subject to qualification; and refers to the rule in Percival v. Jones, 2 John. Cas. 49, that ministerial officers are not responsible for executing any process, regular on its face, so long as the court from which it issues has general jurisdiction to award such process.

This rule applies well to ministerial officers in the service and execution of process. The Ch. Jus. says, " Under our statute the justice has jurisdiction of the process of warrant without oath, as well as summons. In certain cases an oath must be made before a warrant can legally issue: a constable is not to inquire, when he receives a warrant, whether a defendant is a freeholder, and if so whether an oath has been made."

Admitting this, how can we apply it to the justice who issues the warrant without oath, and of consequence proceeds without jurisdiction? This is attempted to be answered by the assertion that the justice is not bound to know officially the property or circumstances of every person in the community. We think this is a mistake. Sec. 19 Rev. Stat. N. Y., vol. 1, p. 161, provides that " in all cases, on application for a warrant, *except where the suit shall have been commenced by summons*, the person applying shall by affidavit state the facts and circumstances within his knowledge, showing the grounds of his application."

This section is a re-enactment of the 18th sec. of the act of 1824, under which this case of Rogers v. Mulliner was decided, with the addition of the words in italics. The act of 1824 provided, however, for issuing a warrant in a case where a summons had been served by copy. See revisor's notes, 3d vol. 2d ed. Rev. Laws N. Y. p. 681.

If we admit the truth of the proposition, and it is now too well established to be for a moment questioned, that the justice only acquires jurisdiction over the person by a strict compliance with the requirements of the statute, and if "without oath the justice has no jurisdiction over the person of the defendant," how can we come to the conclusion that the justice is not responsible, even when acting under the direction of the party?

That was not a case of a ministerial officer bound to execute process fair upon its face, and therefore protected, but a case where the justice had means of knowing whether or not he was acting correctly. He certainly knew that no summons had been returned served by copy, and could ascertain by the oath of the party whether he was otherwise entitled to the process. In Savacool v. Boughton, 5 Wendell 170, where this whole subject was fully considered, the court distinguish between an officer thus acting and the *court*, which is held responsible for the illegal command which he may give to one bound to execute his will.

But if we give these cases their full weight as authority, can we say in this case that the defendant had no means of knowing that he was acting incorrectly? The act substitutes the voluntary agreement of the party to pay the judgment within a specified period, in the place of the personal service of process. He is considered as appearing and acknowledging himself to be indebted to the plaintiff in a sum certain to be paid on a day certain. When that period expires, if the money is not paid, execution issues as upon any other judgment.

By the decisions in this court, we have determined that all the forms required by the statute, upon confession of judgment before a justice of the peace, should be complied with, or the justice acquires no jurisdiction. Beach v. Botsford, 1 Doug. Mich. Rep. 199. The principle upon which these and all other cases upon this subject are decided, that of requiring "courts and officers of special and limited jurisdiction to observe at their peril the boundaries of power," has ever been held wise and salutary. See Wight v. Warner, 1 Doug. Mich. Rep. 384, where the principle of Adkins v. Brewer is recognized and adopted. Platt, J., in Suydam v. Keys, 13 John. R. 444, says experience has shown that the safety of private rights will not admit of the relaxation of this rule.

We see no reason why it should be relaxed in this case. The justice

had the statute before him. If the agreement was not a compliance with it, he was not bound to receive it; or, having received it, he was obligated to inquire, before he issued execution, whether he had acquired the right so to do. A reference to the provisions of the law, which are very plain, would have at once answered the inquiry. He chose to act without any authority, and must be held responsible therefor. We think the plaintiff is entitled to judgment, and direct that it be certified accordingly.

*Certified accordingly.*