## ALBERT R. FOSTER *vs.* MATTHEW WILEY AND WILLIAM J. MONTEITH.

1.  When an execution is regular and legal upon its face, and is issued by a magistrate having apparent authority to 'issue it, the officer serving it will be protected.

2.  Where a Justice of the Peace issued an execution on a judgment regularly rendered before him, after the case had been appealed to the Circuit Court, and delivered the same to an officer for collection, and the officer by direction of the attorney of the plaintiff in the execution, levied upon and sold, by virtue thereof, a buggy of the defendant, to satisfy the execution, after having been notified by the defendant that he had appealed the suit, *Held,* in an action of trespass by the defendant against the officer, that he could justify under the execution, and was not liable in that action.

3.  A ministerial officer is protected in the execution of process regular and legal on its face, though he may have knowledge of facts rendering it void for want of jurisdiction.

*Allegan Circuit, January,* 1871.

This was an action of trespass brought by the plaintiff, Foster, against the defendants, Wiley and Monteith, for the taking on execution and disposing of a certain buggy belonging to the plaintiff.— The execution was issued on a judgment rendered in Justice s Court, in favor of Wiley against Foster, which judgment Foster claimed to have duly appealed to the Circuit Court.

A statement of the facts in regard to the appeal, and the ruling of the Court thereon, sustaining the appeal, will be found in 1 *Mich. Nisi Prius*, page 257.

The execution was issued by the Justice after the appeal had been taken, and was delivered to Monteith, who was a Deputy Sheriff, to be collected.

Monteith was notified both by Foster and his attorney of the fact that an appeal had been taken, and the circumstances attending it, and was warned by them not to enforce the collection of the execution, but notwithstanding this, he, by virtue of the execution, which was regular on its face, levied on the buggy in question, when Foster was using it, and unhitching his horses from it took it away and sold it under the execution, acting in the matter under the direction of the attorney of Wiley.

On the trial of this trespass suit in the Circuit, before a jury, the defendants, by their attorney, submitted to the Court, amongst other

4

requests, to charge the jury "that if they found from the evidence that the execution was fair on its face, then they must find for the defendant, Wm, J. Monteith," which request was refused by the Court. The Court also charged the jury on request of the attorney of the plaintiff, Foster, that "the Justice had no power to issue execution after the cause was appealed, and the execution therefore constitutes no protection to the plaintiff in that judgment, and none to the officer either, if he had knowledge of the facts depriving the Justice of jurisdiction, viz : making an appeal to the Circuit." Other requests were submitted on behalf of both defendants and in their justification which were refused, but the chief point relied upon was embraced in the foregoing request to charge on the part of the defendants, which was refused, and in the request to charge on behalf of plaintiff, which was granted.

The jury, under the charge of the Court, rendered a verdict for the plaintiff, and the defendants come and now move the Court to set aside the verdict and grant a new trial, setting up various special reasons therefor, but relying chiefly on the above as to Monteith, the officer, and claiming that there was no evidence in the case connecting Wiley with the alleged trespass, or showing that he had any knowledge of the same.

*H. C. Stoughton* and *H. F. Severens*, Attorneys, and of Counsel for Defendants.

*J. L. Hawes*, Attorney for Plaintiff.

*By the Court*, Upson, J.—The general rule as laid down by the authorities seems to be that in cases of this kind if the magistrate has jurisdiction of the subject matter, and if the process is regular upon its face, the officer executing it is protected, and in questioning or reviewing his action, the Court will not look beyond the process to see if he was cognizant of any irregularity in regard to it. 7 *Met.*, 257; 10 *Cush.*, 46 ; 9 *Conn.*, 140 ; 5 *Hill*, 440 ; 24 *Wend.*, 485.

These decisions seem to hold that it is of no consequence even if the officer had knowledge of facts rendering the process void for want of jurisdiction, and to affirm that the officer is protected by

process regular upon its face, whatever he may have heard going to impeach it. "It will not do,". says Parker, C. J., in *Sanford vs. Nichols*, 13 *Mass.*, 288, " to require of executive officers before they shall be held to obey precepts directed to them, that they shall have evidence of the regularity of the proceedings of the tribunal which commands the duty. Such a principle would put a stop to the execution of legal process." This principle of protection to the officer is recognized by our own Supreme Court, in *Wall vs. Trumbull*, 16 *Mich*, 233, 234, where it is held that a ministerial officer cannot be held liable " where the precept or order under which he acts, comes to him from the proper source, and is within the apparent authority of the body or officer issuing or making it," and in this particular case the Court adds, " and even if the officer had knowledge outside of his certificate, of the facts constituting the alleged illegality, I do not think it would effect the rule of protection." See also 19 *Mich.*, 57 ; 6 *Mich.*, 144 ; 1 *Mich.*, 85. In the case before us, the execution was regular on its face, and within the apparent jurisdiction of the magistrate issuing it, and the officer, Monteith, in serving it, seems to come within the rule above laid down, and to be entitled to protection. The charge of the Court on this point having been erroneous, the defendant, Monteith, is entitled to a new trial. 24 *Wend.*, 485. There might be more question as to the other defendant, but as it was virtually conceded on the argument, that if the motion prevailed in regard to the officer it should as to both, the verdict must be set aside and a new trial granted, costs to abide the event of the suit.