Nicholson, C. J.,
delivered the opinion of the Court.
This is a suit by B. O. Keesee against the Planters’ Bank, brought in the Circuit Court of Montgomery county, on a check for $1,000, drawn on the 15th of February, 1862, by the cashier of the Planters’ Bank at Clarksville, on the Union Bank of Louisiana, at New Orleans, payable to J. M. Bice, and by him endorsed to B. O. Keesee.
The only difference in the facts, between this case and that of the Planters’ Bank v. H. C. Merritt, administrator, just determined, is that in this case the check was never presented for payment to the drawee. The reason given is, that the check was lost, and upon application to the cashier of the Planters’ Bank *201 for a duplicate, it was not given, because neither Keesee nor the cashier knew the number of the check, and as several other checks were given at the same time, and for the same amount, and to the samé party, the cashier could not give a duplicate without the risk of having the original as well as the duplicate to pay. It is not contended for Keesee that these facts fur,nish any legal answer for failing to make presentment, and this case therefore presents the question whether the facts proven bring the case within any of the reasons for which the holder of a check is excused for failing to present it for payment? The nature of the rule requiring diligence in the presentment of a check, is shown by the cases that excuse a presentment. If the drawer have no funds in the bank, or if the bank itself be restrained by an order of court from paying out money or transacting business, presentment is excused; because the law does not require the performance of acts that are merely ceremonial and nugatory, and because the drawer is not injured by the omission: Edwards on B. & N., 397; Lovett v. Cornwell, 6 Wend., 367; 21 Pick., 327; 14 Mass., 449.
We have already seen in the case of the Planters’ Bank v. Merritt, that if the holder of a cheek fail to present it within the time prescribed by law, the presumption of injury arises to the drawer, but it does not result in an absolute release of the drawer, unless the holder fail to show that the drawer was solvent when the check was presented, or unless the drawer show that he has sustained actual damage in consequence of the omission of the holder to present the *202 cheek in due time. We .now see by the authorities cited, that the drawer is not released for an entire failure to make presentment, if the holder can show by proof such facts and circumstances as would have made the act of presentment a mere useless ceremonial and nugatory, and can also show that the drawer has sustained no injury in consequence of the failure to make presentment. The giving of the • check was an appropriation of $1,000 by the Planters’ Bank out of its deposit in the Union Bank for the payment of a debt due to the holder of the check; but until the check should be presented, and either paid or accepted or marked “ good,” the debt of the drawer is not paid and satisfied. The appropriation, therefore, is not absolute, even as between the drawer and the holder. If the drawee, being solvent, refuse to pay the check, the holder, according to the weight of the authorities, cannot sue the drawee, but must then look to the drawer for satisfaction. So, also, if the holder fail to present the check, for the reason that it would be a nugatory act, if the drawer has sustained no injury by the failure to make presentment, the debt is not satisfied nor the drawer released, but he is still liable to the holder of the check.
Applying these principles to the facts: it is clear that after the 10th of September, 1863, any presentment of the check would have been nugatory, and would have resulted in a refusal to pay by the Union Bank. After that time the Union Bank insisted that it had none of the funds of the drawer of the check on hand;- that all thereof had been seized and appro *203 priated by the military authorities. For this reason the Union Bank, in October, 1863, refused to honor the checks of the Planters’ Bank, -whether presented by the bank itself or by holders of its checks. It is therefore certain that the holder of the check in suit would have performed a useless and nugatory act, if he had presented, it after the time when .the Union Bank denied that it had any deposit out of which to pay.
But the proof shows that at any time prior to the 10th of September, 1863, if the check had been presented, it would have been paid. The proof also shows that the holder of the check was not excused from making presentment by any of these unavoidable causes which are recognized in law as valid excuses for failing to make presentment in due time. It follows that the holder of the check was guilty of laches in not presenting the check before the 10th day of September, 1863, and the presumption of injury to the drawer arises. But we have seen that this presumption is not absolute, but subject to be rebutted by proof of the continued solvency of the' Union Bank, and .that the drawer suffered no damage in consequence of' the laches of the holder. For the reasons stated in the case of the Planters’ Bank v. Merritt, we are satisfied that the drawer suffered no injury in consequence of the delay, and therefore that the Planters’ Bank was not released from liability on the check. But it is argued for the Planters’ Bank, that the holder of the cheek can have no right of action against the drawer without having first made demand of the drawee. As a *204 general proposition this is true. The drawer of the check does not undertake to pay it, but he undertakes that the drawee will pay it on presentment, and upon his refusal that the drawer will then pay. Hence the general proposition is undeniable, that until the holder has made presentment of the check he has no right of action against the drawer. But this general rule is subject to exceptions which are as well settled by the authorities as the general rule itself. Hence Mr. Edwards at p. 59 of his work on Bills & Notes, after laying down the general proposition, adds: “But as between the drawer and the holder there are many circumstances that will excuse a delay or a failure to demand payment,” and as examples he says: “As if he have no funds on which he drew, or having funds there, withdrawing them to his own use;” and at page 377, he adds another example: “If the bank itself be restrained by an order of court from paying out money or transacting business, presentment is excused;” and he then gives the reasons for the exception: “because the law does not require the performance of acts that are merely ceremonial and nugatory, and because the drawer is not injured by the omission.” He cites for these positions, 6 Cow., 484; 6 Wend., 367; 21 Pick., 327; and 14 Mass., 449. We have already determined that, under the proof, the Planters’ Bank sustained no injury by the omission of the holder of the check to present it prior to the 10th of September, 1863, and that after that time a presentment would have been a nugatory act.
It follows that the general rule requiring demand *205 before suit does not control tbe case, and that the holder had the right to sue the drawer. But it appears in the proof that after Keesee commenced his suit against the Planters’ Bank, the declaration in the case of the Planters’ Bank against the Union Bank, pending at New Orleans, was so amended by the plaintiff in that suit as to include as a part of its claim against the Union Bank the amount of Keesee’s check, and that that suit is still pending, and being prosecuted for the benefit of the check-holders. This was an express recognition of the subsisting claim of the holder of the check as against the funds, and a waiver of any right to insist on the consequences of a failure to present the check in due time. It was an assertion that the Union Bank still' holds the amount of the check, and that • the drawer has not been injured by the omission to present it, and an admission that the holder has a right of action against the drawer, at least after the Planters’ Bank shall have recovered from the Union Bank. In 1 Parsons on Notes and Bills, p. 595, it. is said the general principle seems now to be settled, that when no demand has been made, or notice given, a promise to pay, after maturity, made with full knowledge of laches, is binding on the party promising, and removes entirely the effect of any negligence in making the demand or giving the notice. The proof shows that the Planters’ Bank had express knowledge of all the facts connected with the failure of the holder of the check to present it for payment, and after the holder of the check had commenced suit to make the Planters’ Bank re *206 sponsible as drawer, the declaration was amended as before stated, and the amount of the outstanding checks embraced. Under such circumstances, we hold that the Planters’ Bank has waived any right it may have had to claim a reléase on account of the laches of the check-holder in presenting it for payment.
The judgment below was correct, and is affirmed.