THE MECHANICS' AND TRADERS' FIRE INSURANCE COMPANY
*v.* SAMUEL W. SCOTT.

In an action upon a lease to recover rent, it is no defence that the lessee never had possession of the premises demised.

To render occupancy of the premises by another, an answer to a demand by the lessor, for rent of his lessee, it must appear that the occupation is under a title paramount to that of the lessor.

By leasing, the lessor does not warrant against the acts of strangers, or agree to put the lessee in actual possession.

The extent of his implied engagement is, that he has a good title, and can give a free and unincumbered lease for the term demised.

Where a lessee is kept out of possession by a party other than the lessor, or one holding under a paramount title, he must resort to his proper remedy to get possession under the lease.

AT SPECIAL TERM, *June* 23, 1859.

Demurrer to an answer. The complaint alleged that on March 6th, 1858, the plaintiffs let and leased to the defendant the house and premises No. 248 Hicks street, Brooklyn, for one year, to commence on May 1st, 1858, at the rent of $600, payable quarterly; and in consideration of such letting, the defendant covenanted and agreed with the plaintiffs to pay them the rent as aforesaid. That one quarter's rent became due August 1st, 1858, which, though demanded, the defendant refused to pay, and judgment therefor was asked, with interest.

The answer contained four separate defences, the last of which was in these words: "4th answer. The defendant further says, that at the time of the alleged agreement the said premises were in the possession and occupancy of the tenant of the plaintiffs, and have so continued, and are now occupied by the same tenant; and that the defendant has not, nor never had, possession of the said premises."

To this the plaintiffs demurred, on the ground that it did "not state facts sufficient to constitute a counter claim or a defence to the plaintiffs' complaint."

*Walter M. Underhill*, for the plaintiffs.

*Samuel S. Rowland*, for the defendant.

DALY, First Judge.—The fourth answer sets up no defence. The complaint avers that the plaintiffs leased the premises to the defendant on the sixth day of March, 1858, for one year, to commence on the 1st of May following. This vested in the defendant an interest in the term on the 1st of May, and rendered him liable, after that date, for the payment of the rent. *Whitney* v. *Allaire*, 1 Comst. 311. It is no answer that he has never had possession. *Bellasis* v. *Burbriche*, Lord Ray. 170; Holt, 199; *Euton* v. *Jaques*, 1 Doug. 461. He avers that at the time of the agreement there was a tenant in possession, and that the same tenant is still in possession. This is no answer. It may be a tenant under a demise from some person having no claim or title to the premises. To render the occupancy of a tenant an answer to the demand for rent, the defendant must aver that the tenant is in possession under a title paramount to that of the plaintiff. *Ludwell* v. *Newman*, 6 T. R. 458. By leasing, the plaintiff does not warrant the defendant against the act of strangers, or agree to put him in actual possession. The extent of his implied engagement is that he has a good title, and can give a free and unincumbered lease for the term demised; and if the defendant is kept out of possession by the act

of any party other than the landlord, or one having or holding under another having a paramount title, he must resort to his proper remedy to get possession under his lease. *Gardner* v. *Keteltas*, 5 Hill, 332; Platt on Covenants, 314. The demurrer is well taken.

Judgment for plaintiff.