## NEW YORK COMMON PLEAS.

### MARY IMBERT agt. CHARLES S. HALLOCK and others.

It is well settled that *process* regular and valid *on its face*, emanating from a court or magistrate, or body of men having authority to issue it, and possessing jurisdiction of the subject matter to which the process relates, *protects the ministerial officer executing it.*

When there is a *want of jurisdiction* arising from the omission to prove certain essential facts which the statute requires to be proven to any special tribunal or magistrate, as a ground for issuing process, the proceeding will be held *void* in whatever form the question may arise.

But when jurisdiction has been once acquired, any *mistake* by the magistrate or tribunal, concerning the proof or evidence submitted in the course of the proceeding, or the weight or importance which should be attached to such proof, only renders the act *erroneous*, and the proceeding will stand good until reversed.

Where there is a parol demise by a landlord, of a part of the premises to a monthly tenant, and subsequently a lease is given by the landlord to another tenant for the whole premises, to commence on the first day of May thereafter, and at the same time the landlord notifies the monthly tenant that his term will expire on the said first day of May thereafter; the *landlord*, and not his *lessee*, is the proper person to institute *summary proceedings* for the recovery of possession of the premises by reason of the monthly tenant holding over after the first of May.

*New York General Term, May,* 1862.

DALY, BRADY and HILTON, *Judges.*

THE plaintiff claimed to recover in this action damages for an alleged trespass committed by the defendants.

By the court, HILTON, J. . It appears that in December, 1859, the plaintiff hired of the defendant Marshall, by

parol, a back room and bedroom on the third floor of the building 278 Eighth avenue, at the rate of $5.50 per month, payable in advance.   In February following, Marshall rented the whole building to the defendant Hallock, from the first of May thereafter, and the plaintiff was notified that her tenancy would then terminate.   On the first day of May, the plaintiff still retaining possession of her apart-ments, Marshall instituted summary proceedings before jus-tice Dusenbury, to remove her, upon an affidavit made by him, stating the renting of the rooms to the plaintiff for a term which had expired, and that she continued in the pos-session of the premises without his permission.

In the affidavit the plaintiff was named Mary Immerst, and the summons issued by the justice was thus directed to her as the tenant to whom the apartments had been rented, and who held over without the permission of Marshall, the landlord.   The summons required the plaintiff to remove forthwith, or to show cause before the justice at 12 o'clock m., why possession should not be delivered to Marshall ; and proof of its service was made by an affidavit of the defendant Jones, who appears to be a constable, showing that he served it " on Mary Immerst, tenant, by affixing to the room door of said premises, on a conspicuous place, a true copy thereof, there being no such person found upon said premises upon whom to serve the same."   At the hour named the plaintiff not appearing, the justice, regarding the proof of service of the summons as sufficient, granted the usual warrant to remove all persons from the premises, &c., and delivered it to the defendant Springstein, who also appears to be a constable, and who, under its authority, removed the plaintiff and her furniture from the apart-ments referred to, and for this act the plaintiff claimed to recover damages from the landlord Marshall, his lessee, Hallock, and the two officers, Jones and Springstein.

At the trial before the justice these facts were estab-lished by the plaintiff before resting her case, whereupon

the defendants' counsel moved to dismiss the complaint upon two grounds, viz :

1. That the summary proceedings disclosed constituted a bar to the action as against all the defendants ; and

2. That the defendants Marshall, Hallock and Jones had nothing to do with the injury complained of, and that Springstein was protected by the justice's warrant.

The case shows the judge to have said, " that in law the defendant Marshall could not institute these proceedings," leaving it to be inferred from the argument of the plaintiff's counsel, also referred to in the case, that Marshall had deprived himself of the right as landlord to remove his tenants by summary proceedings from the premises in question, by having executed the lease to Hallock, which took effect on the first of May ; and that Hallock alone, on and after that day, was authorized to remove, by summary process, any of the tenants of Marshall who should thereafter hold over.

The judge denied the defendants' motion, and they excepted. Thereafter evidence was introduced showing that the constable, Jones, went to serve the summons at about nine o'clock of the morning it was issued, and found the plaintiff's door locked ; that after knocking and getting no answer, and not being able to find the plaintiff, he posted the summons on the door.

Upon the case thus presented, the justice took time for consideration, and after several days he directed a judgment of non-suit in favor of the defendant Jones, with costs, and a judgment against the defendants Springstein and Hallock for six cents, and against the defendant Marshall for $200, and costs.

This was certainly an extraordinary conclusion. As to Jones, who merely posted the summons, it could hardly be expected that he would have been punished very severely for such an act, but why Hallock and Springstein were considered wrong-doers, I am unable to understand. Hal-

lock had taken·a lease of the premises, it is true, but there was nothing in that fact to justify a judgment against him even for a nominal sum; and as to Springstein, the constable, he was fully protected by the warrant of the justice, which was not only regular and valid on its face, but was issued in a proceeding clearly within the jurisdiction of justice Dusenbury. There is no rule more certain in law than that process regular on its face, emanating from a court or magistrate, or body of men having authority to issue it, and possessing jurisdiction of the subject matter to which the process relates, protects the ministerial officer executing it. (*Lewis* agt. *Palmer*, 6 *Wend.*, 367; *Saracoal* agt. *Boughton*, 5 *id.*, 170; *Corn* agt. *Congdon*, 12 *id.*, 496; *Webber* agt. *Gay*, 24 *id.*, 485; *The People* agt. *Warrin*, 5 *Hill*, 440; *Shelden* agt. *Van Buskirk*, 2 *Com.*, 473.)

However, as the defendant Marshall is the only person who feels aggrieved by this judgment, it is unnecessary to review it except so far as it affects him; and the first inquiry which his appeal presents to my mind is: What authority had the justice at the trial of this action to look into the acts of justice Dusenbury, and determine that the defendant Marshall could not institute the proceedings which resulted in dispossessing the plaintiff? The affidavit upon which the summons to the plaintiff was issued, was certainly proper in form and substance. It showed that Marshall was landlord of the premises, and that plaintiff was his tenant under a demise by him to her; that the term for which the premises had been rented had expired, and that she held over and continued in possession without his permission. Thus a state of facts was shown within sub. 1, sec. 28 of 3d R. S., 5th ed., p. 836, conferring jurisdiction upon justice Dusenbury to issue the summons he did.

If the plaintiff desired to avail herself of any valid objection she might have had to the right of Marshall to initiate such proceedings, or to his claim to the possession of the premises, she should have appeared on the return of the

summons, and upon presenting, in an affidavit, the facts upon which she relied to sustain such objection, might have had the question then determined as to whether he was her landlord, or whether she held over without his permission after the expiration of her term. (*Id.*, §§ 29 *to* 34.) Or, if she regarded the proof of the service upon her of the summons as defective or insufficient after having failed to appear, that question could have been reviewed by *certiorari*, (*id.*, *p.* 839, §§ 47, 48,) but was not a matter that could be inquired into collaterally; the rule being, that when there is a want of jurisdiction arising from the omis-sion to prove certain essential facts which the statute requires to be proven to any special tribunal or magistrate as a ground for issuing process, the proceeding will be held void in whatever form the question may arise. But when jurisdiction has been once acquired, any mistake by the magistrate or tribunal concerning the proof or evidence submitted in the course of the proceeding, or the weight or importance which should be attached to such proof, only renders the act erroneous, and the proceeding will stand good until reversed. In the one case there is a defect of jurisdiction, and the tribunal acts without authority; in the other there is but an error of judgment upon a question properly before it for adjudication, and in such a case the final process will be held valid until set aside by a direct proceeding for that purpose. (*Matter of Faulkner*, 4 *Hill*, 598; *Hannan* agt. *Brotherson*, 1 *Denio*, 537; *Vosburgh* agt. *Welch*, 11 *John.*, 175; *Tallman* agt. *Bigelow*, 10 *Wend.*, 420; *Miller* agt. *Brinkerhoff*, 4 *Denio*, 118;) and a similar course could have been adopted to determine as to the effect of the error in address of the summons.

We have, then, the case of a proceeding regular in form before a magistrate expressly authorized by statute to entertain it, examined into collaterally by a judge of the marine court, and disregarded; because from certain facts appearing before him, and which were not presented to the

magistrate, he is of opinion that the proceeding was not instituted by the proper party.

It is hardly necessary to remark that a judgment founded upon such a view of the law is clearly erroneous; but I may go still further, and add that there is not the slightest authority for supposing that Marshall was not the proper person to institute the proceedings to dispossess the plaintiff. From the time the statute was passed authorizing summary proceedings for the recovery of the possession of land, to the present day, it has been uniformly held to be applicable only where it is shown by the affidavit upon which the application is founded, that as between the party applying for the summons and the party in possession of the premises, the conventional relation of landlord and tenant exists created by agreement between them, and not by mere operation of law. (*Evertson* agt. *Sutton,* 5 *Wend.,* 281; *People* agt. *Van Nostrand,* 9 *id.,* 50; *Roach* agt. *Cozine,* 9 *id.,* 227; *Suris* agt. *Humphrey,* 4 *Denio,* 185; *Hill* agt. *Stocking,* 6 *Hill,* 314; *Prouty* agt. *Prouty,* 5 *How.,* 81; *Buck* agt. *Bininger,* 3 *Barb.,* 391; *Hallenback* agt. *Garner,* 20 *Wend.,* 22.) It can only be instituted when the party in possession has by some act or agreement recognized the other as his lessor or landlord, and takes upon himself the character of tenant under him, so that he is not at liberty afterwards to dispute his title; and this statutory remedy in favor of a landlord or lessor can properly be resorted to only in cases of a holding over after the expiration of such a tenancy, *Benjamin* agt. *Benjamin,* (1 *Seld.,* 383;) and in *Buck* agt. *Bininger,* (*supra,*) it was held that the applicant under the act should state in his petition he was the owner of the premises or entitled to the possession thereof at the time of the demise; and also that he let the premises to the tenant in possession, or that he was the landlord of the tenant with respect to the premises of which possession is sought to be recovered; otherwise the magistrate would not acquire jurisdiction.

The judge at the trial was therefore plainly in error in holding that Mashall " could not in law institute the proceedings under which he justified dispossessing the plaintiff." On the contrary, I have shown that he, his legal representatives or assigns (·3 *R. S.*, *5th ed.*, 836, § 29,) were the only persons who could become applicants under the statute; and as the lessee, Hallock, occupied neither of these relations by virtue of his lease, which did not commence until after the termination of the parol demise to the plaintiff, (3 *R. S.*, *5th ed.*, 34, § 1,) he possessed no right or interest which would have authorized him to be the applicant in the proceeding which was instituted by Marshall. I am aware that in *Gardner* agt. *Keteltas*, (3 *Hill*, 330,) it was intimated by Chief Justice NELSON, that the term " assigns" used in the statute was capable of receiving such a construction as to include within it a subsequent lessee of the same premises, but the remark was mere *obiter*, not considered with reference to any of the cases I have cited, nor was it made with any apparent deliberation.

I think, therefore, in view of the plain intent of the statute, that the " assigns" there referred to must be such as hold the entire estate of the landlord, in the term demised to the tenant against whom the proceeding is had; and the subsequent decisions to which I have referred—the remark of Chief Justice NELSON—should not now be regarded as an authority. (*Birdsall* agt. *Phillips*, 17 *Wend.*, 464.)

Judgment reversed.