# New York Marine Court.

*Trial Term—November* 19, 1878.

## CHARLES M. PORTMAN *against* JACOB WEEKS.

The plaintiff, as tenant, hired a tenement from the defendant, for one month from May 1, 1874, and paid the month's rent in advance. The plaintiff did not receive possession on the first day of the term, because of the wrongful overholding of the tenant in possession, whose term expired on that day. The plaintiff, in consequence, sued to recover back the rent paid. *Held*, that as the plaintiff was prevented from taking possession by the wrongful act of a third person, and not by any act of the defendant, he was not liable for the wrong.

McADAM, J.—It is conceded that the plaintiff, as tenant, hired from the defendant, as landlord, the tenement known as No. 265 Elizabeth street, in the city of New York, for one month from May 1, 1874, and that he paid, upon the making of the agreement, $55 rent in advance ; that the tenant was to have possession of the premises demised on the first day of the term, at noon, and that he did not receive possession at the agreed time, because a former tenant, then in possession, but whose term had expired, wrongfully refused to move out so as to permit the plaintiff to move in. The plaintiff now sues to recover back the $55 which he paid at the time of the hiring, and the question presented is whether the defendant, under the circumstances, is liable to refund the moneys so paid. As the plaintiff was prevented from taking possession of the premises demised, by the wrongful act of a third person, and not by any act of the defendant, who owned the property, he is not liable to the plaintiff for the consequences of the wrong.

The covenant to give the plaintiff possession imports no more than that the lessor had at the time such

a title to the demised premises as enabled him to give the lessee a legal right of entry and enjoyment during the term (Gardiner v. Keteltas, 3 *Hill*, 330; Mechanics' and Traders' Fire Ins. Co. v. Scott, 2 *Hilt.* 550). The evidence shows that the defendant had such a title, and that no one was in possession with title paramount. Such a covenant imports no warranty, express or implied, as respects the acts of strangers, and the plaintiff's remedy was confined to the overholding tenant, who wrongfully kept him out of possession (see the cases above cited).

In Trull v. Granger (8 *N. Y.* 115), relied upon by the plaintiff, the tenant was kept out of possession, not, as in this case, by a stranger without title, but by the wrongful act of the landlord himself, who in that case denied the plaintiff's right, and refused to permit him to occupy in accordance with his lease.

That case is, therefore, inapplicable to the question presented here.

It follows, therefore, that the defendant is entitled to judgment.

This judgment was affirmed at the general term.