### HACKETT *et al.* v. PATTERSON *et al.*

*(Common Pleas of New York City and County, General Term. November 4, 1891.)*

1. **TENANCY IN COMMON—RENEWAL OF LEASE BY ONE CO-TENANT—SAFE-DEPOSIT BOX.**
   Plaintiffs' testator and defendant leased a safe in the vaults of a safe-deposit company, and on the death of testator his interest in the lease was, with defendant's consent, transferred to plaintiffs on the books of the company for the period of one year. A few days before the expiration of such year, defendant procured a renewal of the lease in his own name, to the exclusion of plaintiffs. The receipt for rent paid by plaintiffs stated that the safe would not be deemed to be relinquished until the keys should be returned. Plaintiffs retained the keys until some months after the expiration of the lease. *Held,* that the renewal, privately acquired by defendant in his own name, inured to the benefit of plaintiffs, his co-tenants.

2. **INJUNCTION—RIGHTS ENFORCED—ACCESS TO SAFE-DEPOSIT BOX.**
   In such case, plaintiffs properly invoked the equitable jurisdiction of the court to compel defendants to grant them free access to the safe, instead of proceeding at law to assert title to the leasehold interest in the safe, or to obtain possession of its contents.

3. SAME—PROCEDURE—JUDGMENT.

    The judgment rendered, not only directed that plaintiffs should have free access to and egress from the safe, but that they might take possession of such of the contents as belonged to them in their representative capacities or as individuals. *Held* not error, as prejudging plaintiffs' right to any particular item of such property.

    Appeal from special term.

    Action by James B. Hackett and Daniel Paxton, executors of John Patterson, deceased, plaintiffs, against George W. Patterson and the Safe-Deposit Company of New York, to have free and uninterrupted access to, and egress from, a safe in the vaults of the Safe-Deposit Company of New York. During his life-time, John Patterson, plaintiffs' testator, and the defendant George W. Patterson, were joint lessees of a safe in the vault of the Safe-Deposit Company of New York. This safe consisted of one of numerous compartments forming a vault upon the company's premises, to which access could only be had by and with the consent of the company, its officers or authorized employes, and was used by the lessees thereof for the safe-keeping of valuables and securities. At the time of testator's death there were contained therein securities of considerable value, documents of a private nature, and muniments of title, placed there by the testator. On or about April 21, 1888, John Patterson died, leaving a last will and testament, naming James B. Hackett and Daniel Paxton executors thereof, which was duly admitted to probate. The persons named as executors, after qualifying, were duly appointed such, and entered upon the execution of their trust. Thereafter, on August 13, 1888, the executors and the defendant Patterson presented themselves at the premises of the safe-deposit company, and at their request the safe was transferred by the company to them jointly upon its books, and at the time their right to the use of the safe and access thereto was extended for the period of one year from August 4, 1888, upon their agreement to pay therefor the sum of $30, of which $15 were paid October 3, 1888. There were but two keys to the safe issued by the company, of which the executors were in possession, and the receipt given to them at the time of payment of the rent bore on its face the following statement: "Safe not relinquished until keys are returned." These keys were never returned to the company. In January, 1889, plaintiffs had access to the safe for the purposes of the inventory of the personal estate of the testator, and its appraisement, as required by law, but the securities, documents, and muniments of title were restored to the safe, and suffered to remain there by them. On July 25, 1889, before the expiration of the year for which the safe had been let to plaintiffs and defendant Patterson, the latter, without authority from the plaintiffs, and without their knowledge and consent, induced the safe-deposit company to cancel the transfer and letting of the safe to the plaintiffs jointly with defendant Patterson, and to grant him the exclusive use of and access to the safe for the year ensuing after August 4, 1889, on which day the then existing lease would expire by limitation. In December, 1889, the plaintiffs, in ignorance of the lease last referred to, applied to the safe-deposit company for access to the safe, but such access was denied to them, at the request and direction of the defendant Patterson. In February, 1890, the executors brought this action against the safe-deposit company and said George W. Patterson to recover access to and egress from the safe. Upon the trial the foregoing facts were undisputed, and plaintiffs offered to pay their just proportion of the rent reserved for the use of the safe. Their right to the possession of the securities and papers in the safe was not controverted. No contest was made on behalf of the defendant the safe-deposit company, which by its answer disclaimed all personal interest, and offered to abide by the judgment of the court in the premises. Judgment was thereupon rendered in favor of the plaintiffs, to the effect that they have the right of access to and egress from the safe, and to remove securities and documents therein deposited by them or their testa-

tor, and that the defendants, and each of them, be restrained from hindering or obstructing such access, egress, or removal. From this judgment the defendant Patterson only appealed.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Henry Hoyt,* (*William G. Choate,* of counsel,) for appellant. *Booraem,. Hamilton & Beckett,* (*L. V. Booraem,* of counsel,) for respondent.

BISCHOFF, J. The facts that the defendant the safe-deposit company, by answer, offered to abide by the judgment of the court, and did not appeal from that judgment, enable us to dispose of this appeal upon the sole consideration of the rights of the other parties to this action respecting the use of the safe in the vaults of the safe-deposit company, and the right of access thereto, freed from any embarrassment which might have arisen if the defendant the safe-deposit company had asserted the right to control the use of the safe and access to the vault upon its premises, against the desires of the plaintiffs. So, also, does the fact that George W. Patterson, upon the death of plaintiffs' testator, assented to a lease of the safe to himself and plaintiffs jointly, dispose of any question as to what his rights were prior to that lease by reason of his survivorship, and renders a discussion of such rights futile. Admitting that upon the death of John Patterson the defendant George W. Patterson became vested with the exclusive right to the use of the safe, it was nevertheless competent for him to surrender his interest, and this was effectually accomplished by his assent to and acceptance of a lease inconsistent with his rights as sole surviving lessee under the former lease. The new lease constituted the plaintiffs and defendant Patterson joint lessees, and whether their relation thereunder was that of joint tenants or tenants in common is equally immaterial in disposing of the question presented for adjudication,. since either relation involves the application of the same principles of equity jurisprudence. "Equality is equity," and, steadily adhering to the application of this familiar maxim, courts of equity have ever regarded the rights of joint tenants and tenants in common respecting their common estate to be reciprocal, neither being permitted during the continuance of the co-tenancy furtively to acquire and hold any advantage which would not also inure to the other's benefit, provided the latter manifests a willingness to assume his just proportion of any burdens attending its acquisition and maintenance. Washb. Real Prop. p. 680, *411; Id. p. 690, *418. So one of several co-tenants will not be permitted to purchase and retain for his exclusive benefit, and for the purpose of disseising and expelling the others, any outstanding adverse title, but will be deemed in equity to hold such title in trust for the benefit of such of the co-tenants as will contribute towards the expense incurred.. *Van Horne* v. *Fonda,* 5 Johns. Ch. 388, 406; *Swinburne* v. *Swinburne,* 28 N. Y. 568; *Fallon* v. *Chidester,* 46 Iowa, 588; *Weare* v. *Van Meter,* 42 Iowa, 128; *Armour* v. *Alexander,* 10 Paige, 571. And this principle is extended. to others jointly interested in the maintenance of an estate, such as life-tenant and reversioner or remainder-man. *Dickinson* v. *Codwise,* 1 Sandf. Ch.. 214, 226; *Whitney* v. *Salter,* (Minn.) 30 N. W. Rep. 755.

The constructive trust for the benefit of all the co-tenants growing out of the purchase, with intent thereby to secure unfair advantage by one of any interest in the common estate by means whereof the rights of the others will become jeopardized, lessened, or impaired, and which finds its incipiency in the unity of interest of all, seems to subject the present case to the influence of those equitable principles upon which a partner is deemed to hold a renewal to himself of the lease of the copartnership premises, in trust for the benefit of the copartnership, and all the members thereof, as interpreted by the court of appeals in the leading case of *Mitchell* v. *Reed,* reported in 61 N. Y. 123. Approving of many similar cases adjudged in this state and elsewhere, the court in *Mitchell* v. *Reed* firmly declares it to be the law of this-

state that, though the lease may contain no covenant of renewal by the lessor, courts of equity will nevertheless protect a lessee in possession in the enjoyment of his mere chance of expectancy of renewal by the lessor against the clandestine acts of those standing, as to the lessee, in an attitude of trust and confidence. Such was the attitude of the defendant Patterson towards the plaintiffs, as hereinbefore shown, respecting their rights as joint lessees with him of the safe in question; and the conclusion reached by the learned trial justice to the effect that the renewal of the lease taken by the defendant Patterson in his own name, while the former lease was as yet unexpired, though ·not 'to take effect until after such expiration, meets with our unqualified approval and assent. Nor have we any doubt of the power of a court of equity to entertain this action, and to grant the relief awarded. The main relief sought was to enforce the execution of a trust respecting the use of the safe, the legal title to the leasehold interest in which under the renewal was in the defendant Patterson, the equitable owners being the lessees under the former lease, including these plaintiffs. The remedy at law by an action for ejectment was inadequate, since the legal title of the defendant would effectually bar the recovery of possession against him by that means. Proceedings to recover the securities and papers deposited in the safe, or an action to recover the value thereof, could only result in partial relief to the plaintiffs, since possession of the safe or access thereto could not be therein awarded, and the contents thereof might not be susceptible of pecuniary recompense. Clearly, then, the only adequate relief was to accord plaintiffs that access to the safe to which, as beneficiaries of the leasehold interest, they were entitled, and the exclusive jurisdiction of equity in matters of trust authorized that court to take cognizance of the action. The novelty of the question to be determined in adjusting the matters in controversy is not an obstacle in the way of administering exact justice, (*Bank* v. *Wetmore,* 124 N. Y. 241, 26 N. E. Rep. 548;) and the court having obtained jurisdiction on the subject-matter of the action, and of the parties thereto, will award relief adapted to the exigencies of the case, (*Valentine* v. *Richardt,* 126 N. Y. 272, 277, 27 N. E. Rep. 255.) Jurisdiction once acquired by a court of equity will not be divested because it appears that partial relief was obtainable at law, but the court will proceed to administer complete relief, and may for that purpose decree the possession of land which, but for the matters of equitable cognizance, was recoverable only by means of the common-law action of ejectment. Pom. Eq. Jur. §§ 177, 180, 185.

The judgment appealed from is not invalidated because, in express terms, it authorizes the plaintiffs to take possession of such of the contents of the safe as belonged to them in their representative capacities or as individuals. The clause is wholly immaterial, for without it the effect of the judgment awarding plaintiffs access to and egress from the safe would have been the same. No particular item of property is awarded to the plaintiffs, and having obtained access to the safe it was their right, by virtue of their ownership as executors or individuals, to remove whatever belonged to them in either capacity. No greater right is given by the judgment, and defendant is in no manner prevented from having like access to the safe, and from removing therefrom so much of the contents as he is entitled to possession of. Thus, if any controversy should arise between the plaintiffs and the defendant Patterson concerning the right to the possession of any specific item of property, it would be left to be determined in subsequent proceedings. The judgment appealed from should be affirmed, with costs. All concur.