(14 Misc. Rep. 28.)

## GOELET et al. v. ROE et al.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION.

A landlord, by executing a lease to begin on the termination of an existing lease, does not lose his right to sue a tenant of the first lessee wrongfully holding over after expiration of the first lease for possession, under Code Civ. Proc. § 2235, authorizing a landlord to sue for the removal of persons in possession after expiration of the lease.

2. LEASE—RENEWAL—RIGHTS OF SUBLESSEE.

Where a lease contains no covenant for renewal, the right of the landlord to the premises at the end of the term cannot be affected by the lessee subletting with covenant of renewal.

Appeal from Sixth district court.

Action by Robert Goelet and others against Frederick N. Roe and others, tenants and undertenants, for the possession of premises. From a final order denying them possession, plaintiffs appeal. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

George D. De Witt, for appellants.

P. C. Talman, for respondents.

BISCHOFF, J. The unchallenged facts are that on October 16, 1893, the petitioners let the premises 402 Fourth avenue, in the city of New York, to Frederick N. Roe for one year from May 1, 1894, without provision of any kind for a renewal of the lease; that Frederick N. Roe thereupon sublet the premises to the respondent Mary R. Yost for the same period, and covenanted to renew the lease for one year from the expiration of the first; and that in September, 1894, the petitioners let the premises to Adeline V. Roe, the wife of Frederick N. Roe, for one year, commencing May 1, 1895. These proceedings for the removal of Frederick N. Roe, and all persons in possession of the premises claiming under him, were instituted by the petitioners on May 3, 1895, three days after their lease to the said Frederick N. Roe had expired. Only the sublessee Yost defended, denying the petitioners' right to possession, and asserting that the lease to Mrs. Roe was in furtherance of a corrupt understanding between the petitioners, or their agent, and Mr. and Mrs. Roe, to prevent the enforcement of Mr. Roe's covenant of renewal. An attempt was made upon the trial to substantiate the fact of such a conspiracy, but the justice below directed a verdict for the sublessee, and thereupon made a final order in her favor upon the specific ground that the petitioners had, by their lease to Mrs. Roe, parted with the right to immediate possession of the premises upon the expiration of the lease to Mr. Roe, and that they could not, therefore, maintain the proceedings. No point was made upon this appeal, for the respondent, with regard to her attempted defense of a conspiracy. Indeed, we are at a loss to understand the theory underlying the defense, or the principle of law which it aimed to invoke. The petitioners could not in any wise be affected by Frederick N. Roe's covenant of renewal. Neither could their right to

refuse his further tenancy, and to accept other tenants in his stead, be thereby impaired, even assuming that the design of the lease to Mrs. Roe was as claimed by the respondent. Possibly, if it appears that the husband is the real party in interest under the lease to the wife, a court of equity would grant relief as against them in the appropriate action. Mitchell v. Reed, 61 N. Y. 123; Hackett v. Patterson (Com. Pl. N. Y.) 16 N. Y. Supp. 170.

It is clear beyond controversy, however, that the justice's ruling that the proceedings were not maintainable by the petitioners was error. Their right to institute and maintain the proceedings existed by force of the statute for such cases made and provided. Section 2235 of the Code of Civil Procedure in express terms authorizes the "landlord or lessor of the demised premises" to maintain proceedings for removal of the persons in possession after expiration of the term; and in Imbert v. Hallock, 23 How. Pr. 456, it was specifically ruled by the general term of this court that the landlord or lessor was not disabled from maintaining the proceedings because he had given a lease to a third person, to commence at once upon the expiration of the lease of the person in possession. The case relied upon by the justice below (Insurance Co. v. Scott, 2 Hilt. 550) clearly is not to the contrary. No more was there held than that the landlord does not impliedly covenant to protect his tenant against the intrusion of third persons, and that he is not bound to secure their removal. So in People v. Andrews, 52 N. Y. 445, cited by the respondent's counsel, it is plain that the proceedings were held to have been improperly maintained, because it appeared that the person proceeded against was in possession as tenant of the petitioner under an unexpired lease. Neither does the dictum of Nelson, C. J., in Gardner v. Keteltas, 3 Hill, 330, help the ruling made below in the case at bar. It is to the effect that the statute authorizes proceedings by a lessee against a former lessee in possession, as an assignee of the landlord; but it is not to be concluded therefrom that the learned judge meant to be understood as entertaining the view that the landlord or lessor could not also maintain such proceedings. The remaining cases to which we are referred by counsel for the respondent are to the same effect as Insurance Co. v. Scott, supra, and so are equally inapposite. Trull v. Granger, 8 N. Y. 115, holds that the new lessee may maintain an action of ejectment against the lessee in possession whose term has expired; but, obviously, this is not at variance with the ruling of the court in Imbert v. Hallock, supra. Other errors are presented by the record, but for the one discussed the order appealed from must be reversed, and upon a new trial such other errors may not again appear.

Order appealed from reversed, and new trial ordered, with costs of the appeal and of the court below to the appellants, to abide the event. The date for such new trial may be fixed in the order to be entered hereon.