An executrix is not entitled to commissions for receiving moneys of her testator's estate unless she has paid them out.

2. ALLOWANCE TO WIDOW—HOUSEHOLD FURNITURE.

Code Civ. Proc. § 2713, subd. 5, requiring appraisers to set apart to the widow "other necessary household furniture," not exceeding a stated value, is mandatory, and the appraisers have no discretion except as to the nature of the property.

3. SAME—FAILURE TO SET APART.

Where appraisers have failed to set apart to the widow furniture as allowed by the statute, she is entitled to its cash value.

In the matter of the judicial settlement of the account of Anna H. Bidgood, administratrix of Joseph B. Bidgood, deceased. Decree rendered.

Clinton B. Smith, for petitioner.

Merrill & Rogers, for objector.

NOBLE, S. Objections are filed to the account of the executrix of Anna H. Bidgood, deceased, who was the administratrix of the estate of Joseph B. Bidgood, deceased. These objections are filed by the administrator de bonis non of the estate of Joseph B. Bidgood, deceased: First, to the item in which the executrix of the former administrator claims commissions for the estate of her testatrix, alleged to be due her in the administration of the estate of Joseph B. Bidgood, deceased, and to the amount of $116.20; second, to the money allowance claimed under section 2713 of the Code of Civil Procedure.

Commissions for executors or administrators are allowed by statute for services rendered the estate as such, and the statute gives the commissions only "for receiving and paying out all sums of money," etc. This language would imply that active services must be performed in the administration of the estate. The receiving of money or other property would not be sufficient to entitle the administrator to commissions, but the paying out the funds received must necessarily have been done, before the statute is satisfied. This seems to be the reasonable construction of section 2730 of the Code of Civil Procedure. If an administrator were entitled to commissions for receiving, only, what would prevent the exhausting and wasting of an estate by the successive resignation and appointment

of administrators? So, where the functions of the administrator are not closed, but merely transferred from one person to another, the retiring administrator is not entitled to commissions on the money or securities turned over by him to his successors. But in this case the administratrix, according to Schedule B of her executors' account, has received and paid out $349.99; and upon this amount she is entitled to commissions at 5 per cent., amounting to $17.10, and no more.

The second objection is to the setting apart for the widow the sum of $150, under subdivision 5 of section 2713 of the Code of Civil Procedure. This provision was enacted into law by chapter 157 of the Laws of 1842, and codified by chapter 686 of the Laws of 1893, and provided that "other necessary household furniture, provisions or other personal property, in the discretion of the appraisers, to the value of not exceeding one hundred and fifty dollars," should be set apart for the widow. This provision is mandatory upon the appraisers, leaving them no discretion in the setting apart of the property, or in the amount of its value, but discretionary only in its nature. Whether it shall be household furniture, provisions, or other personal property, is in their discretion,—nothing further. If the appraisers have not set apart this property, the widow is entitled to its cash value,—$150. Sheldon v. Bliss, 8 N. Y. 31.

Decree accordingly.