"I give and bequeath to my three children. Spencer George, Elizabeth God-
frey and Herbert Jackson, the sum of two thousand dollars (which is to come-
to me from my mother on father's death) to be divided equally between them
as each arrives at the age of twenty-one years. The interest upon said sum
during said period is to be expended annually for clothing and necessaries for
each while each is under twenty-one years of age until the principal share
is due to each."

Her husband, Isaac S. Rossell, and James Young were designated
as executors and trustees to carry out the provisions of the will. It
is claimed that said bequest in the will of Mrs. Rossell refers to her
legacy from her mother, and indicates that she had not received it,
but that it was in the hands of her father. The language of the will
does not correctly describe such legacy; and, as it appears that Mrs.
Rossell at the time she made this will was entitled to a portion of her
mother's undivided residuary estate still in the hands of her father, it
may be argued with some force that Mrs. Rossell had in mind her por-
tion of said residuary estate estimated by her at "the sum of two thou-
sand dollars." However this may be, it is very certain that her testa-
mentary declaration would constitute per se no evidence in her favor
had she lived, and it is not evidence in favor of these respondents.
Griffin v. Train, 90 App. Div. 16, 21, 85 N. Y. Supp. 686. But her
husband testifies that this will was read to and by John Gamble, who
expressed his satisfaction therewith. Such testimony is important, if
we are at liberty to give it consideration. But it is before us subject
to the objection that it is within the prohibition of section 829 of the
Code of Civil Procedure. We see no escape from the force of this
objection. The will of Mrs. Rossell provides that the interest on the
bequest is to be expended annually for "clothing and necessaries" for
her children during their minority. The legal liability for such cloth-
ing and necessaries rests upon this witness as the father of said chil-
dren. This bequest relieves him from such liability wholly or partly,
and is as beneficial to him as if the use of the legacy were bequeathed
directly to him during the minority of his children. It is the fact of
pecuniary interest, and not the extent thereof, which renders a wit-
ness incompetent under said section 829. We must, therefore, disre-
gard this testimony, and there is no other evidence which can affect
our former disposition of the case.

The decree should be modified in accordance with the former opin-
ion, and, as so modified, affirmed, with costs to both parties payable
out of the estate of Elizabeth Gamble, deceased.   All concur.

---

In re BAIRD'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. EXECUTORS—ALLOWANCE OF SURVIVING HUSBAND—SETTING APART BY AP-
PRAISERS.
      Code Civ. Proc. § 2713, subds. 1, 2, 4, specifically enumerating, with a
single exception, articles of a decedent's estate which shall not be deemed
assets, but must be included in the inventory, establish the legislative in-
tent to limit the exemption to such of the articles enumerated as are
possessed by decedent, and exclude any inference of an intent to authorize

the substitution of cash if the articles enumerated do not form part of the estate; and hence an executor is not estopped by filing an inventory to question the allowance therein of cash by the appraisers in lieu of the articles enumerated in subdivisions 1, 2, and 4, since the appraiser's action was without authority and void, and the executor may raise the question and properly require its determination in any proceeding to enforce payment of the cash so awarded.

**2. STATUTES—CONSTRUCTION—REFERENCE TO JUDICIAL DECISIONS.**

Where the Legislature in a later statute uses the terms of an earlier statute which has received judicial construction, it adopts such judicial construction as controlling the construction of the re-enacted statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 306.]

**3. EXECUTORS—ALLOWANCES TO SURVIVING HUSBAND—SETTING APART BY APPRAISERS.**

Code Civ. Proc. § 2713, subd. 5, providing that the appraisers shall set apart personal property of a total value not exceeding $150 for the surviving husband, is mandatory; and, where they have omitted to do so, the decree on the judicial accounting of the executor should under section 2724 award the husband that relief.

**4. SAME—COSTS.**

Appraisers of an estate set apart for the surviving husband articles specified in Code Civ. Proc. § 2713, and in addition, in lieu of articles mentioned therein, set apart a sum of money. After demanding payment of the sum so set apart, the husband proceeded against the executor in the Surrogate's Court, and a decree was entered directing the executor to deliver the specific articles set apart, which he had theretofore tendered, and to pay the money set apart, and costs were allowed the husband out of the estate, and, from so much of the decree as directed payment of the sum set apart and allowed costs, the executor appealed. *Held* that, though the decree must stand as to the specific articles set apart, the allowance of costs to the husband could not be sustained where the decree was reversed, in so far as it directed the executor to pay the money set apart by the appraisers.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Eliza A. Baird, deceased. There was an order directing George R. Conklin, as executor, to deliver to Thomas Baird, the surviving husband, specific property set apart for him by the appraisers, and to pay a certain sum in money as an allowance and exemption awarded the husband by the appraisers, and, from so much of the order as required the cash payment and as allowed costs, the executor appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Lewis R. Conklin, for appellant.

Fred L. Gross, for respondents.

RICH, J. On March 11, 1907, Eliza A. Baird died in Kings county, testate, leaving her surviving Thomas Baird, her husband, and no children or descendants. Her last will and codicil thereto were duly admitted to probate on June 24, 1907, and letters testamentary issued to George R. Conklin, the appellant herein, who duly qualified, and, aided by appraisers, prepared an inventory in duplicate (one of which he filed in the surrogate's office as required by law), showing a personal estate of $5,103.34, consisting almost entirely of cash. The deceased left no real estate, and the only personal property owned by her

at the time of her death of the kind specified in section 2713 of the
Code of Civil Procedure was four photographs, part of a box of books
and pictures, one-half dozen knives and forks, and one butter knife,
which articles the appraisers set apart for the husband. They then
included in the inventory, without the knowledge or consent of the
executor, the following clause:

"In lieu of the articles mentioned in subdivisions 1, 2, and 4 of section 2713,
the appraisers in the exercise of their discretion set aside the sum of five
hundred dollars ($500) in cash, to be paid to the widower by the executor."

The appellant subsequently tendered the specific articles so set
apart for the husband to him, and was at all times ready and willing
to deliver the same. After demanding payment of said $500, the hus-
band commenced this proceeding in the Surrogate's Court, and the
learned surrogate has made a decree directing the executor to set
apart, deliver, and pay to the respondent, first, the specific property
set apart for him by the appraisers; and, second, the $500 in cash, as
an allowance and exemption awarded him by the appraisers in the filed
inventory. Costs of $75.75 were allowed the respondent, to be paid
out of the estate. From so much of the decree as requires the payment
of the $500 cash and the costs, this appeal is taken by the executor.

It is first contended that the appellant is concluded and estopped by
the filing of his inventory, and cannot, in this proceeding, question the
validity or legality of the allowance stated therein to have been al-
lowed the husband by the appraisers. If the subdivisions of section
2713, under the provisions of which the allowance was made, au-
thorize the payment of money in lieu of the specific articles therein
named, in a case like the one here presented, the executor is concluded
by their act; but if, as contended, no such authority is given, the ap-
praisers exceeded their power. Their act was a nullity, and did not
bind the executor, who may raise the question, and properly require
its determination, in any proceeding having for its purpose the en-
forcing of payment of the sum so awarded. The respondent relies
upon the decision of this court in Matter of Williams, 31 App. Div.
617, 52 N. Y. Supp. 700, and later cases in Surrogates' Courts, the
decisions in which are predicated upon the assumption that in the
Williams Case it was decided that, when the estate of a decedent does
not contain the specific articles enumerated in the different subdivi-
sions of section 2713 of the Code, the court may properly make a
money allowance representing, and equivalent to, their value, to sus-
tain the decree under consideration. In the Matter of Libolt's Estate,
102 App. Div. 29, 92 N. Y. Supp. 175, this court had occasion to con-
sider the Williams Case, and unanimously held that the only question
therein presented was whether a widow, not a beneficiary under the
will of her husband, was entitled to provisions and fuel for 60 days
following the death of her husband, who owned no real property, under
the provisions of subdivision 3 of section 2713, and that the court, upon
resolving this question in favor of the widow—the appraisers having
failed to set apart for her use either fuel or provisions for the statu-
tory period of 60 days which had then elapsed—might properly make
her a reasonable allowance in money out of the estate as a substitute

.for the articles of which she had been unlawfully deprived, or as compensation for the redress of her undoubted grievance, and that this was the extent of the decision. The only articles involved in the question presented in that case were provisions and fuel for 60 days, and the failure to set them apart was the result of negligence of the appraisers, and not, as in this case, because of their nonexistence.

The property required to be set apart by subdivisions 1, 2, and 4 is, with a single exception, specifically named. The language used in these subdivisions clearly establishes the legislative intent to limit the exemption to such of the articles named as were possessed by the decedent at the time of his death, and excludes any justifiable inference of an intention to authorize the substitution of cash if the articles named did not form part of the estate. It would have been very easy to have expressed such an intent, had it existed, in clear and unmistakable language, together with the necessary procedure for determining the value of the nonexistent articles for which cash was to be substituted. Such omission leads to the conclusion that the decree appealed from is not supported or warranted by the subdivisions of the Code section under which the appraisers acted, that they acted without authority, and their award was a nullity. This conclusion is strengthened by the fact that in 1881, in Baucus v. Stover, 24 Hun, 109, it was held that money could not be allowed and set apart to a widow in lieu of the named articles. The appeal was from a decree finally settling the accounts of an executor, which allowed the widow the value of ten sheep and two swine which the appraisers had not set off to her when making the inventory. The decedent owned a half interest in the animals. The General Term reversed, holding that:

"The statute contemplates such an ownership and possession of this property in the deceased, or his personal representatives, at the time of making up the inventory, as will permit their delivery to the widow at least potentially. Here the testator had but a half interest in these animals. They could not be then delivered over to the widow, even potentially, and therefore could not be set off to her."

This case was reversed by the Court of Appeals and the proceedings remitted to the surrogate, upon the ground that he should have charged one of the executors with a balance due upon a note given by him to the testator as so much money in his hands, and ordered its distribution; but the principle decided that, where the specific articles named are not owned or possessed by the estate at the time of making the inventory, their cash value cannot be set off or allowed, was not disturbed. In 1893 the Legislature consolidated and re-enacted the provisions of existing statutes relating to the surrogate and his court without (so far as the present provisions contained in section 2713 are concerned) substantial change of language. It is a familiar principle of statutory construction that, where the Legislature in a later statute uses the terms of an earlier one which has received a judicial construction, it adopts such judicial determination as controlling the construction of the re-enacted statute. Hakes v. Peck, 30 How. Prac. 104; People ex rel. Outwater v. Green, 56 N. Y. 466. Under the provisions of subdivision 5 of said section, which are mandatory (Matter of Bidgood, 36 Misc. Rep. 516, 73 N. Y. Supp. 1061),

the appraisers were required to set apart personal property, including money, to a total value not exceeding $150 for the surviving husband. This they omitted to do, and, upon the judicial accounting of the executor, the decree should award the husband this relief. Section 2724, Code Civ. Proc.

It being conceded that the executor tendered and offered to deliver the specific articles set apart to the respondent, and that he has at all times been ready and willing to deliver them, although the decree must stand as to them, the allowance of costs and disbursements to the respondent cannot be sustained.

So much of the decree as is appealed from must be reversed, with costs. All concur.