(61 Misc. Rep. 82.)

### CULLINAN v. GOLDSTEIN.

(Supreme Court, Appellate Term. November 24, 1908.)

1. LANDLORD AND TENANT (§ 296*)—DISPOSSESS PROCEEDINGS—GROUNDS.

To authorize a judgment to remove a tenant holding over, the conventional relation of landlord and tenant, created by agreement, must exist.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1273; Dec. Dig. § 296.*]

2. LANDLORD AND TENANT (§ 300*) — DISPOSSESS PROCEEDINGS — PERSONS ENTITLED TO BRING.

Under Code Civ. Proc. § 2235, authorizing a landlord to sue for the removal of persons in possession after the expiration of the lease, a landlord, though executing a lease to another to begin on the termination of an existing lease, may sue to remove the tenant holding over after the expiration of the term of such existing lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1292; Dec. Dig. § 300.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Patrick Cullinan against Abraham Goldstein. From a final order in favor of plaintiff in proceedings to dispossess, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry Kuntz, for appellant.

Francis X. Kelly, for respondent.

MacLEAN, J. Apart from the defense set forth in the answer to the petition in this proceeding to dispossess, it appears that the common lessor, a corporation, of the parties herein, leased certain premises to one of them, Abraham Goldstein, for a term to commence August 1, 1904, and to end March, 1908, and that it leased the same premises to the other, Patrick Cullinan, for a term to commence March 1, 1908, and to end May 1, 1910. Upon the expiration of his term, Goldstein remained in possession, and the petitioner, averring himself to be his landlord, etc., brought this action to dispossess on the ground that Goldstein was a holdover.

The final order, awarding the petitioner possession, must be reversed, because, "to authorize a judgment to remove a tenant holding over, the conventional relation of landlord and tenant must exist" (Reich v. Cochran, 151 N. Y. 122, 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607), and that must be by agreement, not by operation of law (Evertson v. Sutton, 5 Wend. 281, 21 Am. Dec. 217). It has been held that a landlord may maintain dispossess proceedings after the expiration of a term, although he has leased the same premises to another to begin upon the expiration of the term of the person in possession (Goelet v. Roe, 14 Misc. Rep. 28, 35 N. Y. Supp. 145) ; but it has not been held, apparently, that the incoming lessee may maintain such a proceeding. In Imbert v. Hallock, 23 How. Prac. 456, it appears to be held that the lessor is the only proper person under such circumstances to institute summary proceedings, and that decision was rendered in view of the provisions of Rev. St. (1st Ed.) p. 3, c. 8, tit. 10, the source of the present provisions of section 2235 of the Code of Civil Procedure.

Final order reversed, with costs. All concur.