## EELLS v. MORSE.

(Supreme Court, Appellate Term.　March 10, 1910.)

LANDLORD AND TENANT (§ 300*)—RE-ENTRY AND RECOVERY OF POSSESSION—SUMMARY PROCEEDING—PERSONS ENTITLED TO BRING—"ASSIGN."

　　Real Property Law (Laws 1896, c. 547) § 193, provides that the assignee of the lessor has the same remedies for the nonperformance of any agreement in the assigned lease as the lessor would have had. Code Civ. Proc. § 2235, includes the assignee of a lease as well as the landlord within those by whom summary proceedings may be instituted. The language of the last section is substantially taken from 2 Rev. St. (1st Ed.) pt. 3, c. 8, tit. 10, § 29, which provided that the landlord, as well as his "assigns," might make and present the oath, under which it was always held that a new lessee was not an "assign," and could not maintain summary proceedings against the former lessee to recover the premises. *Held*, that one whose lease begins at the termination of a prior lease cannot, when the prior lessee holds over, maintain summary proceedings to recover the leased premises, since the substantial adoption of a former term of description in a statute on its recodification indicates the intention of the Legislature to adopt its settled judicial construction.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1292–1294; Dec. Dig. § 300.*

　　For other definitions, see Words and Phrases, vol. 1, pp. 562–564; vol. 8, p. 7584.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary proceedings by Mary Witt Eells against Jamin S. Morse. From an order in favor of plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Walter L. Bunnell, for appellant.
Herbert H. Maass, for respondent.

WHITNEY, J. The main defense of the tenant to this proceeding, which was brought against him as a hold-over, was that the landlord had made a new lease of the apartment, commencing at the end of the term of the tenant's written lease, and prior to the commencement of the proceeding. The new lease was offered in evidence by the tenant, but excluded by the court, and his exception to its exclusion presents the only point worthy of consideration.

The objection is based on United Merchants' Company v. Roth, 193 N. Y. 570, 576, 577, 86 N. E. 544. That case construed section 193 of the real property law (Laws 1896, c. 547), and holds that within its language the new tenant is, in a similar case, the "assignee of the lessor of such lease" and therefore "has the same remedies, by entry, action, or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him." It is contended that the words "or otherwise," in the quotation, include summary proceedings.

Section 2235, Code Civ. Proc., which prescribes by whom summary proceedings may be instituted, also includes the assignee as well as the landlord, and therefore would seem at first sight to be governed by the case just cited. But the language is substantially taken from the Revised Statutes of 1829 (2 Rev. St. p. 513, § 29), which, like the original landlord and tenant act of 1820 (Laws 1820, c. 194), provided that the landlord, as well as his "assigns," might make and present the oath. The General Term of the Court of Common Pleas of this county decided as far back as 1862 that under this provision the new tenant was not an "assign" and could not institute the proceeding, but that it must be carried on in the name of the landlord. Imbert v. Hallock, 23 How. Prac. 456. By one of the most familiar rules of statutory construction, the substantial adoption of the former term of description, when this portion of the Revised Statutes was recodified in the Code of Civil Procedure, indicates that the Legislature intended to adopt its settled judicial construction. People ex rel. Outwater v. Green, 56 N. Y. 466; Halsey v. Jewett Dramatic Co., 114 App. Div. 420, 423, 99 N. Y. Supp. 1121; Matter of Baird, 126 App. Div. 439, 443, 110 N. Y. Supp. 708; Pennock v. Dialogue, 2 Pet. 1, 18, 7 L. Ed. 327; Capital Traction Co. v. Hof, 174 U. S. 1, 36, 19 Sup. Ct. 580, 43 L. Ed. 873.

We are not aware that there has ever been any variation in the construction either of the older or of the present provision. Certainly it has been followed in every reported case in this tribunal and its predecessor. Goelet v. Roe, 14 Misc. Rep. 28, 35 N. Y. Supp. 145, Culli-

nan v. Goldstein, 61 Misc. Rep. 82, 113 N. Y. Supp. 21. During all this period it was the accepted theory that the new tenant could bring ejectment against the hold-over (Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637; Trull v. Granger, 8 N. Y. 115), although for practical reasons the remedy was never appealed to. Thus that he could not bring summary proceedings was not due to any theoretical incapacity, but merely to the fact that he did not happen to be within the statute under which those proceedings were conducted, as it was judicially interpreted.

We have not overlooked the passage in the opinion of the Court of Appeals to the effect that the new tenant, "and not the landlord," is "subjected to all the inconveniences and damages occasioned by the holding over"; but there is no indication that the statutory provisions with relation to the remedy by summary proceedings were in the mind of the court, and we do not feel justified in construing its opinion as overturning the uniform construction of over 50 years in violation of the elementary principle of statutory construction above referred to.

The order should be affirmed, with costs. All concur.