MARY WITT EELLS, Landlord-Respondent, *v.* JAMIN S. MORSE, Tenant-Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Summary proceedings — Persons who may bring proceedings — Landlord who has made subsequent lease.

A landlord may maintain summary proceedings against a tenant who holds over, though he has executed another lease to begin upon the expiration of the former term.

Supreme Court, Appellate Term, March, 1910.     [Vol. 67.

APPEAL by the tenant from a final order in summary proceedings, entered in favor of the landlord in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Walter L. Bunnell, for appellant.

Herbert H. Maass, for respondent.

WHITNEY, J.  The main defense of the tenant to this proceeding, which was brought against him as a hold over, was that the landlord had made a new lease of the apartment, commencing at the end of the term of the tenant's written lease, and prior to the commencement of the proceeding. The new lease was offered in evidence by the tenant, but excluded by the court; and his exception to its exclusion presents the only point worthy of consideration. The objection is based on United Merchants' Co. v. Roth, 193 N. Y. 570, 576, 577. That case construed section 193 of the Real Property Law of 1895, chapter 547, and holds that within its language the new tenant is, in a similar case, the " assignee of the lessor of such lease " and, therefore, " has the same remedies, by entry, action, or otherwise, for the non-performance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him." It is contended that the words " or otherwise " in the quotation includes summary proceedings.

Section 2235, Code of Civil Procedure, which prescribes by whom summary proceedings may be instituted, also includes the assignee as well as the landlord, and, therefore, would seem at first sight to be governed by the case just cited. But the language is substantially taken from the Revised Statutes of 1830 (2 R. S. 513, § 29), which, like the original landlord and tenant act of 1820 (Laws of 1820, chap. 194), provided that the landlord as well as his " assigns " might make and present the oath. The General Term of the Court of Common Pleas of this county decided, as far back as 1862, that under this provision the new tenant

was not an "assign" and could not institute the proceeding, but that it must be carried on in the name of the landlord.  Imbert v. Halleck, 23 How. Pr. 456.  By one of the most familiar rules of statutory construction, the substantial adoption of the former term of description, when this portion of the Revised Statutes was recodified in the Code of Civil Procedure, indicates that the Legislature intended to adopt its settled judicial construction.  People ex rel. Outwater v. Green, 56 N. Y. 466; Halsey v. Henry Jewett Dramatic Co., 114 App. Div. 420, 423; Matter of Baird, 126 id. 439, 443; Pennock v. Dialogue, 2 Pet. 1, 18; Capital Traction Co. v. Hof, 174 U. S. 1, 36.  We are not aware that there has ever been any variation in the construction, either of the older or of the present provision.  Certainly it has been followed in every reported case in this tribunal and its predecessor.  Goelet v. Roe, 14 Misc. Rep. 28; Cullinan v. Goldstein, 61 id. 82.  During all this period it was the accepted theory that the new tenant could bring ejectment against the hold over (Gardner v. Keteltas, 3 Hill, 330; Trull v. Granger, 8 N. Y. 115), although for practical reasons the remedy was never appealed to.  Thus that he could not bring summary proceedings was not due to any theoretical incapacity, but merely to the fact that he did not happen to be within the statute under which those proceedings were conducted, as it was judicially interpreted.

We have not overlooked the passage in the opinion of the Court of Appeals to the effect that the new tenant " and not the landlord" is " subjected to all the inconveniences and damages occasioned by the holding over;" but there is no indication that the statutory provisions with relation to the remedy by summary proceedings were in the mind of the court, and we do not feel justified in constructing its opinion as overturning the uniform construction of over fifty years, in violation of the elementary principle of statutory construction above referred to.

The order should be affirmed, with costs.

SEABURY and GUY, JJ., concur.

Order affirmed, with costs.