(50 App. Div. 439.)

HARRIS et al. v. GREENBERGER.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

LANDLORD AND TENANT—RENT PAYABLE IN ADVANCE—TENDER—DEMAND FOR POSSESSION—FAILURE TO DELIVER.

Plaintiffs leased a store to defendant, the lease providing the rent for the term should be paid before possession delivered. On the first day of the term a tenant was in possession, who insisted on holding over. Defendant gave plaintiffs a check for the amount of the rent, and demanded possession, which was refused, and plaintiff stopped payment of the check. *Held*, that since the lease, having provided for payment of the rent before

possession, it imported an undertaking on the part of the landlord to deliver actual possession when the rent was tendered, and failure to do so relieved defendant from liability.

Appeal from municipal court of New York.

Summary proceedings for removal of a tenant by Jacob M. Harris and another against Joseph Greenberger. From an order dismissing the petition, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Moses Feltenstein, for appellants.

A. M. Fragner, for respondent.

WILLARD BARTLETT, J.  In July, 1899, the parties to this proceeding entered into an agreement whereby the appellants leased to the respondent a store in the borough of Brooklyn for a term beginning on the 1st day of December and ending on the 26th day of December, 1899, at a rental of $650. The lease provided that the lessee should be permitted to store toys in the basement of the demised premises from the 15th day of November, 1899, "said privilege being included in this lease." The lessee never acquired actual possession of the premises under this lease. On November 15, 1899, he endeavored to avail himself of the privilege of storing goods in the basement, as provided for in the lease, but was refused permission to do so by the appellants, who informed him that they had made a lease for the month of November to one Ellis Roberts, and could only ask him as a favor to let the respondent into the basement. On December 1, 1899, the respondent gave the appellants a check for $625, the balance of the rent reserved in the lease ($25 having previously been paid), and demanded possession of the store. This was not given, whereupon the respondent stopped payment of his check. Although the evidence on the subject is very meager, it appears that Ellis Roberts insisted upon holding over after the expiration of his tenancy for the month of November. The appellants instituted summary proceedings to dispossess him, but those proceedings were voluntarily discontinued a few days after they were begun. Upon proof of these facts, the municipal court dismissed the present proceeding, with costs in favor of the tenant. The appellants insist that this disposition of the case was erroneous, inasmuch as they were not required to put the respondent into actual possession of the leased store, but it was sufficient if they offered him simply the legal right of entry and enjoyment during the term covered by the lease. But the doctrine asserted in Insurance Co. v. Scott, 2 Hilt. 550, that a landlord, by leasing specified premises, does not agree to put the lessee into possession thereof, was not applicable to the lease from the plaintiffs to the defendant in the present case. This lease provided for the payment of the rent "before possession of said store is delivered to said tenant." We think that this language imported an undertaking on the part of the landlords to deliver actual possession at the time when the tenant handed them his check for the rent. The evidence demonstrates their inability to do so, and their failure in this respect re-

lieved the respondent from further liability upon the lease for any purpose. This result is only just. The proof indicates that the landlords themselves were concerned in preventing the respondent from storing his goods on the premises before the beginning of the term, as provided for in the lease; and the evidence in regard to their presence and conduct on the premises when the respondent was kept out goes far towards creating the impression that they co-operated in the exclusion of the respondent, or at least tacitly gave it their sanction. The institution of summary proceedings on their part against the other tenant would have been more significant if those proceedings had not been discontinued so shortly after they were commenced.

Judgment affirmed, with costs. All concur.