WILLIAM D. MITCHELL et.al., Plaintiffs, *v.* OTEY McCLELLAN, Defendant.

City Court of the City of New York, Special Term, New York County, April 1, 1948.

*Mitchell, Capron, Marsh, Angulo and Cooney* for plaintiffs.
*John P. Carson* for defendant.

COLEMAN, J.  Plaintiffs move for summary judgment in an action to recover rent and are met with the defense that the defendant does not stand in the relation of tenant to them and is not liable to them for the rent.

Plaintiffs, a law firm, are tenants in possession of all but a small part of the twenty-first floor of a fifty-eight-story office building in this city owned by a bank.  The defendant, a lawyer, occupies the remainder of the floor, his occupancy being derived from a lease to him from the bank for a period ending April 30, 1947, this lease being a renewal of earlier leases.  About the same time plaintiffs obtained a lease from the bank of the entire twenty-first floor, subject to defendant's lease, with a provision purporting to assign to the plaintiffs the rights of the bank as landlord under its lease with defendant.  By the same instrument the plaintiffs assumed the performance of the bank's obligations as landlord to the defendant as tenant.  After the expiration of the defendant's lease on April 30, 1947, he remained in possession as a " statutory tenant "; whether of the plaintiffs or of the bank being the real question.

The question manifests itself in a dispute for rent for each of the eight months from May through December, 1947, which defendant has regularly tendered the bank and which the bank has refused to accept.  The defendant has refused to pay the

rent to the plaintiffs or to attorn to them; he has never recognized plaintiffs as his landlords and has consistently taken the position that he is still a tenant of the bank (cf. *Stern* v. *Equitable Trust Co.,* 238 N. Y. 267, 269). His answer asserts that he cannot be compelled to accept the plaintiffs as landlords, particularly when attornment, in its secondary sense, would jeopardize his status as statutory tenant of the bank under the Stabilization of Business Rent Law (L. 1945, ch. 314, as amd.). The plaintiffs on the other hand contend that by force of section 223 of the Real Property Law they have become the defendant's landlords and that the Business Rent Law does not affect the situation.

I cannot accept the plaintiffs'. contention. Notwithstanding their acknowledgment that the defendant as statutory tenant is entitled to the benefit of the emergency laws (they do not say as against whom) it seems to me that the assignment by the bank to plaintiffs of the lease of the defendant's premises was nothing more than an attempt to let defendant's space to others over defendant's head in contravention of the rent laws. It was an attempt to effect a change in the relationship of landlord and tenant theretofore existing between the bank and the defendant, reducing his status from that of tenant to that of subtenant and thereby depriving him of the power to resist summary proceedings instituted by a paramount landlord desiring possession for himself or itself. "A subtenant does not come within the protection of the Emergency Rent Laws, McK. Unconsol. Laws, §§ 8521 et seq., 8551 et· seq." (*Irving Trust Co.* v. *One Thirty One West Forty-Second St. Corp.,* 71 N. Y. S. 2d 838, 839, affd. 272 App. Div. 999.) That case and the decisions cited in it make it clear that a subtenant is not, in relation to the emergency rent laws, in the same favorable position as a tenant and that if for any reason plaintiffs' lease should fall, any sublease which defendant might hold from plaintiffs would fall with it. And if the procedure adopted in this case by the bank and the plaintiffs were to be recognized as affecting the relationship of landlord and tenant, an easy method of avoiding the rent laws would be available, for then the plaintiffs as landlord, would be in a position to accept a claim to immediate possession.

I have assumed that the bank did in fact assign to the plaintiffs its interest as landlord in the premises, but it is difficult to see how there has been a true assignment within the meaning of section 223 of the Real Property Law, or how anything has been accomplished beyond an attempt to assign the rents of

the premises occupied by defendant. There certainly has not been a grant of those premises as such (cf. *810 West End Ave., Inc.*, v. *Frankel*, 113 Misc. 338). The bank necessarily remained as the only one who could give quiet and peaceable enjoyment to the defendant. It alone could operate the elevators, furnish the heating, take care of the plumbing as it was required to do under the lease and by the rent laws (L. 1945, ch. 314, §§ 2, 6, 7, as amd.), and so for all practical purposes the bank remained landlord. Since it is the bank that owes the duties of quiet enjoyment and warranty the tenant should owe rent, the equivalent of a tenant's services, only to the bank. It is quite beside the point to ask whether in the absence of the emergency rent laws the plaintiffs would be entitled to the rent despite their inability to discharge the duties of landlord. We are not dealing with such a case and in view of the great risk to tenants whose possession it was the objective of the emergency laws to secure, we should confer upon the plaintiffs the rights of a landlord including the right to rent only when they have, in fact, not merely through a form of legal phraseology, assumed the status of landlord. Plaintiffs cannot assume that status and cannot ask to be considered landlord only for the narrow purpose of collecting rents. It seems to me, therefore, that the defendant has continued to be and is a statutory tenant of the bank and that his obligations as tenant run to the bank and not to the plaintiffs.

It is unnecessary to consider other points raised by counsel. I have also assumed that when defendant's lease was assigned by the bank to the plaintiffs that lease had already been made. The evidence indicates that it was then about to be made. At that time the lease under which defendant had theretofore been in possession had already expired and his new lease with the bank had not yet been executed. This, I think, is immaterial, for if defendant was not at the time in possession under a written lease, he was, nevertheless, a statutory tenant of the bank. In any case there is no real difference between an attempt to assign a lease *in esse* and an attempt to assign a lease about to be executed and in fact later executed.

The defense which the plaintiffs seek to strike out is valid and plaintiffs' motion is denied. The counterclaim is also sufficient on its face and is sustained by evidentiary facts tending to show that plaintiffs induced the bank to ignore its agreement with the defendant to paint his premises.

The plaintiffs' motions under rule 113 and rule 109 of the Rules of Civil Practice are in all respects denied.

Settle order.