551 FIFTH AVENUE, INC., Landlord, Appellant, *v.* KATHRINE WELLINGBROOK et al., Tenants, Respondents.

Supreme Court, Appellate Term, First Department, November 16, 1950.

*Alexander Pfeiffer, Benjamin Newman* and *Kenneth C. Newman* for appellant.

*Irving L. Kalish* and *William M. Kufeld* for Kathrine Wellingbrook and others, respondents.

*Barnett Dornbush* and *Charles Wayne* for Emil Leichter and another, respondents.

EDER, J.    Twelve summary proceedings were instituted herein which were consolidated by stipulation as to present one appeal from all twelve final orders.    The court below dismissed the petitions upon the merits.

The landlord sought to evict the tenants involved in order to put in possession of the space occupied by them a concern known as the California Texas Oil Company, Limited, to whom the

landlord, on November 6, 1944, leased the premises in concern for a term of ten years.

The proceedings were brought pursuant to new paragraph (5) of subdivision (h) of section 8 of the Business Rent Law, added by chapter 326 of the Laws of 1950, effective March 31, 1950.

Insofar as here pertinent, it authorizes such a proceeding by a landlord, if " (h) On or before January twenty-fourth, nineteen hundred forty-five: * * * (5) The landlord in writing executed and delivered a lease of the entire building or other rental area for a term of not less than ten years and the tenant named in said lease has demanded in writing from the landlord possession of such building or other rental area for his own and immediate use under the terms of said lease."

Both the landlord and the California company, lessee, recognized the possession and occupancy of the respective tenants herein under existing leases and the need of the landlord to procure from each of them cancellations of such leases or for it to make other arrangements with them to enable it to deliver possession of the premises to the lessee who it is apparent desired prompt possession as a condition for entering into the lease. To that end the parties agreed, as appears from clause 34 of the lease, that on or before December 1, 1944, the landlord should submit to said lessee evidence of agreements of cancellations of such leases, or as to some or all of such tenants that other arrangements had been made so as to enable the landlord to endeavor to deliver possession of the demised space to said lessee. Clause 34 of the lease further provided: " If such submission is not made, this lease shall be deemed cancelled, and neither party shall then have any claim against the other by reason thereof."

The landlord failed to comply with said requirements prescribed in clause 34 and was unable to deliver possession to said lessee; indeed, that is what necessitated the institution of these summary proceedings, which, it is to be observed, were begun on May 2, 1950.

The landlord's failure to meet and comply with the conditions prescribed in clause 34 of the lease thus resulted in an automatic cancellation of the lease; such cancellation became operative *eo instanti*; the provision is a self-acting one; it required no further or formal act of the parties to effectuate it.

The provision reads that the lease shall be " deemed cancelled ". " Deemed " means considered; accepted as an established fact. " Cancelled " means annulled, terminated, oblite-

rated. To cancel an instrument means to blot it out, to set at naught the provisions of the instrument cancelled and to declare them void; to do away with an existing agreement.

In consequence of the cancellation the lease became nonexistent as fully as if it had never been executed.

The right of the landlord to institute the summary proceedings herein under said paragraph (5) of subdivision (h) of section 8 was dependent upon the existence of a valid ten-year lease executed and delivered on or before January 24, 1945, and a valid demand by the tenant upon the landlord for possession of the demised space. In the absence of the existence of these elements the landlord was without legal status to invoke said enactment and was without legal right to institute and maintain the proceedings.

The landlord maintains that the lease was never cancelled but that it remained in full force and effect and that this is attested by what is styled by it as an amendatory agreement between it and said California company, entered into on April 20, 1945. This, it is asserted, continued the lease as theretofore, but giving the company certain options for temporary space on other floors pending the acquisition of all of the space on the floors demised to said lessee and was not a new lease nor a new letting.

The contention is viewed as untenable.

The instrument of April 20, 1945, is not a mere amendment of the lease of November 6, 1944; it contains new and additional terms and conditions; it also includes some of the terms of the lease. Characterizing the agreement of April 20, 1945, as an '' amendment '' does not change its import or legal effect. Nomenclature employed or adopted is not controlling; it is the contents which govern and determine the legal status and legal rights. The original lease of November 6, 1944, and the new agreement of April 20, 1945, together comprise and constitute the ultimate agreement of the parties, and so considered, it must be regarded as having been made on the later date. This is fully adequate to bar the landlord from invoking any right under said paragraph (5) of subdivision (h) of section 8.

There is a further reason why the so-called amendatory agreement of April 20, 1945, cannot be successfully resorted to by the landlord and why it is wholly without legal effect as a purported '' amendment ''.

To amend is to improve upon something in existence. There can be no amendment of a nonextant agreement. The existing agreement of November 6, 1944, because automatically non-

existent on December 1, 1944, *eo instanti,* by the self-acting provision of clause 34 of the lease. .

On April 20, 1945, when the so-called amendatory agreement was entered into there no longer existed any lease which was capable of amendment. The physical act of drawing and executing the so-called amendatory agreement was of no legal effect; in law, it was a meaningless and impotent ceremony. Likewise, the lessee's demand upon the landlord for possession was of no force and effect; it was made on April 6, 1950, long after the lease had been automatically cancelled, on December 1, 1944.

The court below appears to have taken the view that the statute requires possession of the demised premises to have been given to the ten-year tenant on or before January 24, 1945, directing attention that the lease was conditioned upon the landlord being able to secure possession of the premises by cancellations of existing tenancies and that such cancellations were not procured or other arrangements made with the existing tenants to obtain possession.

This failure of the landlord accomplished the automatic cancellation of said ten-year lease; but the aforementioned paragraph (5) — the 1950 amendment to said subdivision (h) of section 8 — does not require possession of the demised premises to have been given on or before January 24, 1945. All that said enactment requires is that on or prior to January 24, 1945, the landlord in writing executed and delivered a lease for a term of not less than ten years and that the tenant named in the lease has made written demand upon the landlord for possession of the demised space for his own and immediate use.

This enactment presupposes the existence of a valid ten-year lease, such valid existence at the time when the tenant has made demand upon the landlord for possession and the valid existence of such lease and demand at the time when the summary proceedings are instituted by the landlord.

These elements, as shown, are not present here, and hence, the landlord was not entitled to the final orders sought.

No other feature of the appeal requires discussion in view of what has been hitherto set forth and which is regarded as sufficient to sustain the final orders appealed from.

The final orders should be affirmed, with $25 costs as of one appeal.

Schreiber and Hecht, JJ., concur.

Final orders affirmed.