N. R. M. GARAGE CORP., Respondent, *v.* MORRIS FEIG GARAGE CORP., Appellant. (Two Proceedings.)

First Department, November 13, 1951.

*Samuel Shapiro* of counsel (*Isidore Cohen,* attorney), for appellant.

*Sidney G. Madenberg* for respondent.

VAN VOORHIS, J. The landlord-respondent, being a lessee under a written lease for a term of twenty-one years, has obtained a dispossess order in summary proceedings upon the ground that it seeks in good faith to obtain possession of the demised commercial space for its immediate and personal use (Commercial Rent Law, § 8, subd. [d], par. [2]). Appellant is a statutory tenant in possession at the commencement of the term of this lease. It contends that the dispossess order should be reversed upon three grounds: (1) that summary proceedings for the possession of real property do not lie, and that respondent should be relegated to an action in ejectment; (2) that the twenty-one-year lease contains a cancellation clause in event of inability to obtain possession of the space from appellant; and (3) that respondent was newly incorporated prior to its entry into the twenty-one-year lease. We think that these objections were properly overruled at Special Term, for the reasons hereafter stated under the corresponding numbers.

(1) It is urged by appellant that the case of *Consolidated Service Stations* v. *Cities Service Oil Co.* (279 App. Div. 592) decided October 8, 1951, by the Appellate Division, Second Department, requires a reversal of the final order of dispossession on the ground that summary proceedings cannot be maintained by respondent as a subsequent lessee. It is argued that the relation of landlord and tenant does not exist between

these parties, and that this is fatal to the proceeding. The *Consolidated Service Stations* case follows *Eells* v. *Morse* (208 N. Y. 103) the memorandum of decision stating: " Petitioner is neither the landlord, lessor, nor assignee of the landlord within the meaning of subdivisions 1 and 6 of section 1414 of the Civil Practice Act. (*Imbert* v. *Hallock,* 23 How. Pr., 456, 462; *Cullinan* v. *Goldstein,* 61 Misc. 82, both cited with approval in *Eells* v. *Morse, supra.*) "

The facts in the *Consolidated Service Stations* case and in the other cases cited were different from those at bar. Here the lease to respondent recites that " possession of the demised premises is sought by the Tenant [respondent] for its immediate and personal use. Accordingly, it is stipulated and agreed that the Tenant shall have the privilege to terminate this lease in the event that the Tenant shall be unable with due diligence to obtain possession of the demised premises from the present tenant, Morris Feig Garage Corp., either by agreement with said tenant or, in lieu of such agreement, by an order of a Court of competent jurisdiction pursuant to the provisions of clause (d) (2) of Section 8 of the Commercial Space Rent Control Law of the State of New York, Chapter 3, Laws of 1945, as amended or any other relevant statute. The Tenant hereby covenants and agrees, at its sole cost and expense, to apply to a Court of competent jurisdiction for an order awarding possession of the demised premises to the Tenant pursuant to the aforesaid provisions of the Commercial Space Rent Control Law of the State of New York, immediately after the commencement of the term herein demised, unless prior to said time possession had been obtained by the Tenant through an agreement with said Morris Feig Garage Corp." No similar provision was contained in the lease in *Consolidated Service Stations* v. *Cities Service Oil Co.* (*supra*).

This and other similar clauses in this lease render inapplicable that decision, and the other cases cited such as *Eells* v. *Morse* and *Imbert* v. *Hallock,* holding that the landlord rather than the second tenant should maintain the summary proceeding. They hold simply that the mere demise of real property does not constitute an assignment of possession to a tenant, so as to enable the tenant to institute summary proceedings against a previous tenant holding over. Even so, the rule that the landlord is not bound to put his lessee into actual possession does not apply where the lease contains an express undertaking on the part of the landlord to deliver possession to the tenant (*Harris* v. *Greenberger,* 50 App. Div. 439, WILLARD BARTLETT, J.).

In the present instance the landlord, wary of a covenant to deliver possession by a day certain, nevertheless transferred to the tenant the right to possession and to institute appropriate proceedings in court in order to obtain it. Subdivision 6 of section 1414 of the Civil Practice Act provides that application for the removal of a person from real property by summary proceedings may be made by " The legal representative, *agent* or assignee of the landlord, purchaser or other person so entitled to apply " (italics supplied). It has been held that such a proceeding may be entitled and the precept issued in the name of the agent of the owner (*Case* v. *Porterfield,* 54 App. Div. 109; *Reserve Finance Corp.* v. *Rosen,* 127 Misc. 591, affd. 218 App. Div. 811). In *Goodman* v. *Schached* (144 Misc. 905) summary proceedings were held to be maintainable by an assignee of rents with the right to dispossess tenants for non-payment. Under the lease in the present case, respondent not only was given the right but undertook the duty to maintain legal proceedings to dispossess this tenant. That constituted respondent at least the agent of the landlord, if not the assignee, expressly entitled to maintain these proceedings.

The trend has been to add to the instances in which summary proceedings can be conducted, by amendments from time to time to section 1414 and its predecessor section 2235 of the Code of Civil Procedure, in order to render unnecessary the cumbersome procedure by action in ejectment. Statutory tenants are protected by the emergency rent laws; in addition, they have no vested rights in the antiquated and dilatory procedure of ejectment actions.

(2) In this case, as has been stated, the owner of the fee authorized and required respondent (the new tenant for twenty-one years) to take all legal steps necessary to dispossess the former tenant. The reason for placing this burden upon respondent was that unless it could obtain possession by consent or as a result of legal proceedings, respondent might cancel the lease, which would have been a consequence that the lessor wished to avoid. This cancellation clause is said to run afoul of the section of the Commercial Rent Law by permission of which respondent has brought this proceeding (§ 8, subd. [d], par. [2] added by L. 1950, ch. 327), allowing recovery of possession from a statutory tenant if it " is sought by a person who is the lessee of an entire building for a term of twenty-one years or more who seeks in good faith to obtain possession of the commercial space for his immediate and personal use." The object of this amendment is to put a lessee of an entire building

for twenty-one years in similar position to that of the owner of the fee for this purpose. If this cancellation clause were to prevent the application to this case of this provision in the statute, the object of the section would be defeated. No lessee for twenty-one years is covered by it except one that seeks possession for its immediate and personal use. That signifies that such a lessee must require actual possession for the lessee's own purposes, and not merely constructive possession. A clause in such a lease that it shall be cancelable unless the lessee can obtain actual possession, is not at variance but in accord with the object of this enactment, which requires that the lessee shall seek possession for itself and not for another. Unless the lessee can gain possession, the lease is useless insofar as this section of the statute is concerned. A lease does not come under the section unless it enables the tenant to get possession. A cancellation clause in event that the tenant cannot get possession does no violence to the statute. It would not be contended that the statute would be offended by the right of a tenant to cancel for breach of a covenant by a landlord to put the tenant into possession. No greater infraction is involved in this lease, which empowers and requires the tenant to sue for possession but allows cancellation in case of failure to obtain it. If possession could not be obtained, the purpose of the lease would fail. On the other hand, if the new tenant succeeds in obtaining possession, the option to cancel is ended. The former tenant can have no cause to complain, inasmuch as the only event which could render the cancellation clause operative would be its own continuance in possession. If appellant be ousted from possession, the cancellation privilege ceases to exist. If appellant remains in possession, it is not aggrieved.

(3) To hold categorically that a landlord cannot repossess space from a statutory tenant for the landlord's immediate and personal use, except for an existing business, would attach a condition to the operation of the emergency rent laws which the Legislature has not imposed. The formation of a corporation for the purpose of embarking upon a new business venture may, in certain instances, be evidence of bad faith under this section, and thus render it inapplicable to a particular case (*City Bank Farmers Trust Co.* v. *Harvey's Garages,* 278 App. Div. 917), but there can be no such legal rule, even where the new business to be conducted is the same as that of the former tenant. The latter would be likely to be the case where, as here, the real property is adapted solely to the type of business conducted by the former tenant. Here the new tenant (respondent)

has agreed to make improvements to the property which the lease states shall cost not less than $25,000 and which appellant estimates will cost $83,000. There is nothing in the emergency rent laws which prevents an owner of real property from repossessing from a statutory tenant in order to go into the same business in good faith, especially where extensive alterations are to be made to the premises. The same power is allowed to a lessee for twenty-one years by paragraph (2) of subdivision (d) of section 8 (cf. *St. Nicholas Sports Center* v. *Lincoln Sq. Center,* 276 App. Div. 521, 522, stating: "There is no reasonable basis for distinguishing between a landlord whose right to possession is based upon ownership and one whose right is predicated upon a leasehold").

It is not the purpose of the emergency rent laws to discourage new enterprises, nor to create vested rights in statutory tenants to good will appertaining to particular locations after their leases have expired. Paragraph (2) of subdivision (d) of section 8 contemplates, to be sure, the making of a bona fide twenty-one-year lease, with a tenant presumptively able to perform it, and would not be satisfied if the new tenant were financially irresponsible or had entered into the required long-term engagement subject to a collateral reservation that it would be terminated for the landlord's benefit after the previous tenant had been removed. The lease forming the basis for the application to dispossess the former tenant must have been made in good faith. If the lessee were an irresponsible corporation, whether newly formed or not, that would bear upon whether the lease had been made in good faith, which is a question of fact (*City Bank Farmers Trust Co.* v. *Harvey's Garages, supra*). The statute contains no condition as a rule of law that a landlord or a lessee for twenty-one years cannot repossess in order to conduct a new business, if it is done in good faith. No facts are contained in this record indicating that this lease with respondent was made in bad faith. The facts, by themselves, are insufficient to defeat this application that possession is required to conduct a new enterprise in a business similar to that of the previous tenant, especially where, as here, that is the only kind of business to which the subject property is adapted, and the new tenant is obligated to make extensive capital improvements to the property. The usual test is whether the landlord or lessee really intends to enter into the business or is merely proposing to do so as a pretext to dispossess the tenant and relet to another at a higher rental or otherwise obtain more favorable terms. The Municipal

Court, which was the trier of the fact, has found on sufficient evidence that this application was made in good faith, and the Appellate Term has affirmed. This finding should not be disturbed.

Although some of the evidence excluded by the Municipal Court might have been admitted, most of the facts which appellant sought to elicit found their way into the record, and such errors of this nature as there may have been were not prejudicial. Appellant appears not to have questioned seriously respondent's purpose to operate a garage at this location under the twenty-one-year lease, but has sought to impugn respondent's good faith by affirming that it does intend to conduct such a business, and thereby take over good will created by appellant appertaining to a garage business at that location. Even if that type of good will has been created by appellant during the period while it conducted a garage there, the law does not recognize property in good will of that nature divorced from the right to occupy the location to which it pertains (cf. *Banner Milling Co.* v. *State of New York,* 240 N. Y. 533). It is an intangible that cannot exist without tangible basis, and cannot be claimed by a tenant after expiration of its lease. No right to the retention of such good will has been vested in statutory tenants by the emergency rent laws. The charge which appellant makes that respondent proposes to appropriate its good will, tacitly concedes that respondent intends to conduct this business at the location in question under long-term lease, as the judgment appealed from has determined to be the fact.

The contention that this lease does not cover an " entire building " within the meaning of the statute, as applied to 248 West 80th Street, appears to have been based upon architects' plans which were not carried out in the construction of the building. That this contention is unfounded appears from the cross-examination of appellant's architect concerning the construction of the building subject to the lease.

The determination of the Appellate Term and the orders of the Municipal Court should be affirmed, with costs to respondent.

DORE, J. (dissenting). In each of two summary proceedings, the tenant in possession, by leave of Appellate Term, appeals from determination of Appellate Term affirming by a divided court final orders of the Municipal Court dispossessing the tenant after expiration of leases. The proceedings were brought purportedly under the 1950 amendment to the Commercial Rent

Law (§ 8, subd. [d], par. [2], as added by L. 1950, ch. 327, eff. March 31, 1950).

In my opinion this petitioner is not a " lessee " within the intent of new paragraph (2) of subdivision (d) of section 8. That amendment grants an exception to the general rule and such exception must be strictly complied with before it will be enforced to dispossess a tenant protected by the emergency rent control law (see *400 Madison Ave.* v. *Niego,* 278 App. Div. 313, 315). The language of the amendment is specific: the lease must be for " a term of twenty-one years *or more* " (italics mine); that means *at least* twenty-one years; such prescribed minimum term is mandatory, a preliminary requirement before the exception applies. Clearly the lease here in question is not one unreservedly binding on the parties for twenty-one years; on the contrary, it may not even begin at all since by its terms it is cancelable if possession is not obtained by the proposed " lessee "; and hence is not the type of lease nor is petitioner the type of " lessee " intended to be covered by the amendment.

In *City Bank Farmers Trust Co.* v. *Harvey's Garages* (278 App. Div. 917) concerning another exception, this court held that the statute did not contemplate creation of a new corporation that had never been in business to seize the parking space that the tenant occupied in that case and get the use of it with the good will of the business. Similarly in the case before us, the tenant has operated a garage on the premises for twenty-five years. The lessee out of possession is a new corporation organized in 1950. I think the Legislature never intended by the amendment to give an opportunity to a landlord to get the good will and the business of a statutory tenant for a new corporation never in business before, by granting such corporation a cancelable twenty-one-year lease, with the express purpose of taking over not merely the premises but the business and the good will that have been built up on the premises over many years by a tenant. The amendment contemplates states of fact not here remotely presented.

In *551 Fifth Ave.* v. *Wellingbrook* (199 Misc. 500 [Appellate Term, First Dept.]) it was held that the right to invoke an amendment of the Business Rent Law (L. 1945, ch. 314, § 8, subd. [h], par. [5], as added by L. 1950, ch. 326) depended on the existence of an effective term of an effective lease for ten years; there a lease, by its terms terminable before the required period, was held not to be within the purview of the act. Similarly the amendment that we are passing on presupposes the

existence of a valid twenty-one-year lease at the time the proceedings are instituted.

But that is not all. In any event, petitioner is without authority to institute and maintain summary proceedings and oust the tenant under sections 1414 and 1415 of article 83 of the Civil Practice Act. That article is the only statutory authority for the institution of what is concededly a drastic remedy, eviction and summary dispossess of a tenant. To come within such statutory limitations, petitioner must occupy the status of landlord. Obviously the conventional relationship of landlord and tenant does not exist and never did exist between this petitioner and the tenant. Petitioner is neither an owner, lessor nor assignee of the landlord, as expressly required by section 1414 of the Civil Practice Act. Under section 1415 of the Civil Practice Act, the verified petition must show the interest therein of the petitioner. Except for general conclusions of law, in the petitions herein, such interest is not shown. If petitioner is suing as an assignee, it should have set forth that fact in its petitions and alleged facts to establish it. It wholly failed to do so. In this case the lease is not even annexed to the petitions. In summary dispossess proceedings the nature of the petitioner's interest cannot be established by conclusory allegations or mere inference (*Engel, Heller Co.* v. *Elias Brewing Co.,* 37 Misc. 480 [Appellate Term, First Dept.]).

The 1950 amendment before us making the specific exception relied on, does not by its terms attempt to change the provisions of the Civil Practice Act as to summary proceedings nor make such provisions applicable to a "lessee" under the amendment. Repeals or amendments by implication are not favored. It cannot be inferred that the Legislature intended to amend sections 1414 and 1415 to permit a proceeding to be brought by a "lessee". The relationship of landlord and tenant is and always has been requisite (*Eells* v. *Morse,* 208 N. Y. 103). If it was the legislative intent contrary to the usual settled requirement to vary the requirements of article 83, such intent would have to be plainly indicated or expressly declared.

In *Consolidated Service Stations* v. *Cities Service Oil Co.* (279 App. Div. 592), the Appellate Division of the Second Department by a decision, released since the above was written, has held that the amendment of the Commercial Rent Law here in question (§ 8, subd. [d], par. [2]) was not intended to amend the provisions of section 1414 of article 83 of the Civil Practice Act so as to include a "lessee" under that amend-

ment in the class of persons entitled to maintain summary proceedings; it reversed the Appellate Term of the Second Department and reinstated an order of the Municipal Court dismissing the lessee's petition on the merits. The Second Department said: " Petitioner may not maintain summary proceedings to recover possession because the relation of landlord and tenant does not exist between the parties. (*Eells* v. *Morse,* 208 N. Y. 103.) Petitioner is neither the landlord, lessor nor assignee of the landlord within the meaning of subdivisions 1 and 6 of section 1414 of the Civil Practice Act."

In the *City Bank Farmers Trust* case (*supra*) the statute there in question (1950 amendment to § 8, subd. [d]; L. 1945, ch. 3 as amd. by L. 1950, ch. 327), permitting eviction of a tenant and recovering possession for the immediate and personal use of a landlord or a subsidiary corporation set forth no express requirement relating to an *existing* business of the landlord or a subsidiary, but this court said: " In our opinion, however, the statute contemplates a taking of possession in connection with an existing business of the landlord or its subsidiary, and not the formation of a corporation for the purpose of embarking upon and taking over the business of the tenant. To construe the statute otherwise would work an evasion or circumvention of the purposes of the emergency legislation. We think that the landlord in this case has failed to establish the good faith required by the statute as a condition precedent to recover possession of the tenant's space." The state of facts presented here is essentially no different from that presented there. A parking lot business is not essentially different from a garage business. The landlord in that case is the same landlord in this case and seeks by another device and by indirection to get the benefit of the tenant's business.

The amendment before us also requires good faith in seeking immediate and personal possession for personal use. If the ruling appealed from is affirmed and approved, then any landlord who wishes to take for his own financial benefit the good will of a business that a tenant has created by years of labor, may do so by this device and take over by indirection through a twenty-one year lessee any parking lot business, garage business, department store business or any other business established for years together with its valuable good will without even being required to offer the tenant who created it an opportunity to meet the new lessee's proposed terms. Under another amendment (L. 1951, ch. 431) of the same section (§ 8, subd. [k]), before a landlord can get possession of a store for a

lessee who offers a ten-year noncancelable lease at $6,000 per annum or more, the landlord must first offer to the tenant in possession a lease under the same terms and conditions. If that is required, as it should be, before a tenant can be deprived of his business and good will in a store, the present amendment deprives the present tenant of equal protection of the laws. To constitute " equal protection of the laws ", it is necessary that there be equality among those similarly situated. The essence of the constitutional right to " equal protection of the laws " is that all persons similarly situated *must* be treated alike (*Myer* v. *Myer*, 271 App Div. 465, affd. 296 N. Y. 979). A store business and its good will is similar to a garage business and its good will and should receive the same protection of the law. A landlord acting in good faith would not require the compulsion of a statute to offer to the tenant in possession for years a fair opportunity to meet the offer of a proposed lessee who was seeking, as the president of the plaintiff admitted, " to take over " the business and the present tenant's good will.

The issue of good faith is extremely important in view of certain facts disclosed at the trial. Plaintiff corporation was created in July, 1950; it executed the lease in question on July 31, 1950; it has never engaged in any business; it has not prepared plans or made any application for any permit to make any of the extensive alterations required by the lease; it has no corporate books of account; it issued its stock without payment therefor " at no par value, no purchase price ", as plaintiff's president admitted on cross-examination. It appears to have been organized to prosecute these summary proceedings and " take over " the tenant's business. In that state of facts a complete inquiry into the good faith of the transaction was indicated, but the trial court erroneously excluded on cross-examination material evidence on that issue.

Finally, the emergency statute requires the lease of an " entire building ". The lease in question covers both 248 West 80th Street and 250 West 80th Street, New York, N. Y. Premises 248 are apparently part of a building on the southwest corner of Broadway and 80th Street, extending 101 feet, 6 inches, westerly on West 80th Street and 102 feet, 3 inches, southerly on Broadway. The lease from the trustees-owners to plaintiff expressly recognizes certain rights which occupants of portions of the corner building have to the garage portion of the building at 248 West 80th Street. An " entire building " is not the same as the entire part of part of a building.

For all the reasons stated, I dissent and vote to reverse the determination of the Appellate Term and the final and intermediate orders of the Municipal Court in each proceeding and to dismiss both summary proceedings, with costs in tenant's favor.

PECK, P. J., and SHIENTAG, J., concur with VAN VOORHIS, J.; DORE, J., dissents and votes to reverse the determination of the Appellate Term and the final and intermediate orders of the Municipal Court, in opinion; COHN, J., concurs in the result reached by DORE, J., in his dissenting opinion.

Determination of the Appellate Term affirmed, with costs to the respondent, and the orders of the Municipal Court affirmed. [See *post*, p. 655.]