Morris E. Spector, J.
Upon the foregoing papers this motion by defendant De Milo, Inc., for a judgment, pursuant to rule 106 of the Rules of Civil Practice, dismissing the “ Fifth cause of action ” of the complaint, as against it, is granted. Plaintiff was a tenant of Joyce Properties, Inc., and alleges that it was induced to move from the premises it occupied by false representations of both defendants. Defendant De Milo is the present tenant of the premises.
Plaintiff’s causes of action against the landlord are statutory and there was no cause of action at common law (Rosner v. Textile Binding & Trimming Co., 300 N. Y. 319). Plaintiff’s relation, if any, to defendant De Milo, Inc. arises solely through its status as a tenant of defendant Joyce Properties, Inc. There being no cause of action at common law against the landlord, there could be none against parties acting in concert with the landlord to do something not prohibited by common law. The provisions of the statute give plaintiff a cause of action only against the landlord (Magonigle Trucking Co. v. Tambini, 302 N. Y. 617). Judgment may be entered accordingly. Settle order.
Motion by defendant, Joyce Properties, Inc., for judgment dismissing complaint. (May 22, 1957.) This is a motion, pursuant to rule 106 of the Rules of Civil Practice for a judgment dismissing the complaint herein. Plaintiff was a tenant *522 of the movant, defendant Joyce Properties, Inc., and is seeking damages under subdivision (k) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.). Plaintiff was a statutory tenant who was offered a ‘ ‘ match lease ’ ’ pursuant to the statute after having been notified of a prospective lease between Joyce Properties, Inc. (the landlord) and De Milo, Inc. The prospective lease stated that De Milo, Inc., was to occupy the ‘‘ premises for the retail sale of ladies’ apparel, leather goods and novelties and for no other purpose.” After plaintiff refused to enter into the “ match lease ”, defendant Joyce Properties, Inc., commenced a summary proceeding on July 2, 1956 against plaintiff to recover the premises and the clerk of Municipal Court duly signed and issued a precept to plaintiff. Plaintiff consented to the entry of a final order whereby it would surrender the premises on or about December 31, 1956. Plaintiff alleges that defendant De Milo, Inc., actually uses the premises for the conduct of a luggage shop, the very business in which plaintiff engaged, and that were it not for defendants’ false representations as to the proposed use of the premises, plaintiff would not have removed therefrom.
In Kauffman & Sons Saddlery Co. v. Miller (298 N. Y. 38, 41) the court, per Fuld, J., stated: “ A precept had been issued by the clerk of the Municipal Court and after it had been served upon plaintiff, the latter consented to the entry of a final order of dispossession and voluntarily vacated the premises * * *. A surrender under such circumstances constituted a dispossession within the meaning of the rent laws ”. A similar result was reached in Sno-Wite, v. Gerald Operating Corp. (297 N. Y. 1007, affg. 271, App. Div. 314) in which the tenant likewise voluntarily removed. The cases cited by defendant Joyce Properties, Inc., in its memorandum in support of the motion, as correctly pointed out by plaintiff, deal with situations where the tenants either entered into stipulations settling the actions or agreements to move or had made prior agreements to move or had given general releases or had agreed to move within a period greater than that allowed by the statute (Edward Tarr, Inc., v. Phoenix Pubs., 1 A D 2d 189, affd. 1 N Y 2d 870; Valcich v. Depot Warehouse Realty, 308 N. Y. 892; N. R. M. Garage Corp. v. Feig Garage Corp., 279 App. Div. 126, afild. 303 N. Y. 922; Margulies v. Mittlemark, 2 A D 2d 883). In the instant case the plaintiff received nearly three months more of possession of the premises by the terms of the order consented to than he could have gotten had he contested the action and lost. Therefore, having received some benefit by reason of the consent order the plaintiff cannot now be relieved of *523 the burdens of that order and for that reason the Kauffman and Sno-Wite cases (supra) do not apply.
Motion granted and complaint dismissed. Judgment may be entered accordingly.
Settle order.