Samuel H. Hofstadter, J.
The lessee landlord occupies rooms 869-816 inclusive, and rooms 820 and 821, on the eighth floor of 551 Fifth Avenue, New York City, under a lease with the owner dated October 28, 1953. This lease, which was to expire April 30, 1959, was extended to May 20, 1962, by an extension agreement, terminable in the event the appellant is unsuccessful in obtaining possession of the adjoining rooms 817 and 818, occupied by the tenant respondent and which are the subject of this proceeding. On May 20, 1957, the appellant entered into a lease with the owner of 551 Fifth Avenue for rooms 817 and 818 for five years, to begin June 1,1957 and terminate May 31, 1962. Tenant respondent occupies rooms 817 and 818 as a statutory tenant, under a lease which expired April 30, 1945. Lessee landlord now seeks to gain possession of the statutory tenant ’s space.
Possession of this space is sought pursuant to the provisions of section 8 (subd. [d], par. [2-a]) of the Business Rent Law (L. 1945, ch. 314, as added by L. 1957, ch. 452, eff. April 12, 1957) which provides that so long as a tenant continues to pay rent, he shall not be removed from any business space unless: “ Possession is sought by a person who is the lessee or sub-lessee under a lease for a term of five years or more who seeks in good faith to obtain possession of the business space for his immediate and personal use, or possession is sought by such lessee or sub-lessee to give possession to another person who is a subsidiary corporation at least ninety per centum of whose stock is owned by such lessee or sub-lessee, and such lessee or sub-lessee seeks in good faith to recover possession of the business space for the immediate and personal use of such subsidiary corporation ’ ’.
The court below, in dismissing the petition, found that section 8 (subd. [d], par. [2-a]) was intended by the Legislature to apply only to leases for five years, in existence at the effective date -of the amendment, April 12, 1957. It also found that the amendment did not authorize possession for four subsidiary corporations and an unrelated corporation as a subtenant; nor for the use of the landlord’s customers.
*1008 To determine the meaning of this statute, we must first learn the legislative intent. The Legislature announced its policy and program to terminate “ Police power laws controlling our real estate economy * * * at the earliest time consistent with the public safety, health and general welfare.” (N. Y. Legis. Doc., 1949, No. 52, pp. 11-12.)
Thus, successive amendments in recent years have decontrolled vacant space, made surrender agreements enforcible by eviction, eased matched lease provisions, etc. The Legislature has continued to adopt a steady progression of amendments relaxing controls. In 1953, for the first time the statute was amended to permit a landlord to obtain possession of space other than stores for the purpose of giving possession to a lessee under certain prescribed conditions. This was done by the addition of section (kk). It made possible the assemblage of a floor, but required relocation of the displaced tenant in comparable space. In 1955, this section was again amended by eliminating the requirement of comparability and, in 1957, the requirement of relocation was eliminated entirely. This section, however, gave relief only to persons desirous of taking a whole floor and did not aid the smaller tenant who needed comparatively little additional space. It thus appears that the Legislature intended by this new amendment (§ 8, subd. [d], par. [2-a]) to relax the controls further to aid the smaller businessman who could not utilize an entire floor.
The policy of the Legislature shows a progressive relaxation of controls over commercial and business space rentals. Section 8 (subd. [d], par. [2-a]) of the Business Rent Law concerns one additional situation which the Legislature deemed suitable for the easing of controls. That provision is to be interpreted by the court to effectuate the legislative intent without imposing conditions not encompassed by the Legislature.
It is evident from the provision when read in harmony with the plan of the entire section, together with the recommendation of the Temporary State Commission on Rents and Rental Conditions, that a lessee, in occupancy, with a five-year lease for a statutory tenant’s premises in the same building, such as the lessee landlord here, may institute eviction proceedings to acquire possession of the latter premises.
The purpose of the new amendment, as reported by the State Temporary Commission to Study Rents and Rental Conditions (N. Y. Legis. Doc., No. 22, 1957, p. 27), was “ To confer upon a lessee of business or commercial space the rights of an owner where, in good faith, the lessee requires additional space occu *1009 pied * * s within the same building. ’ ’ The intention of the Legislature, as so defined is clear and definite.
In construing almost identical language in the preceding section 8 (subd. [d], par. [2]), both the Appellate Division and the Court of Appeals held that it was applicable to a new lease made in contemplation of the newly enacted section (N. R. M. Garage Corp. v. Feig Garage Corp., 279 App. Div. 126, affd. 303 N. Y. 922; Consolidated Service Stations v. Cities Service Oil Co., 303 N. Y. 932). Being aware of the decision in the Feig case (supra) it is obvious that the Legislature intended this amendment to be prospective: applicable to leases thereafter executed.
The lessee landlord requires all the space (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 42) for expansion, to be occupied by its wholly owned corporations. The fact that there is more than one wholly owned subsidiary is immaterial. 11 Words in the singular number include the plural, and in the plural number include the singular.” (General Construction Law, § 35.)
Nor is the projected coincidental use by the landlord’s customers objectionable, if part of its regular business (St. Nicholas Sports Center v. Lincoln Sq. Center, 276 App. Div. 521). Further, it affirmatively appears that the landlord’s subtenant, one of its customers, will occupy none of the space in the new rooms to be absorbed from the statutory tenant.
The final order should be reversed, with $30 costs, and final order directed for landlord as prayed for in petition, with costs.
Aurelio and Tilzer, JJ., concur.
Final order reversed, etc.