John C. Leonforte, J.
Summary proceedings were brought by 1026 Restaurant, Inc. (hereinafter referred to as petitioner), as landlord, seeking possession of real property for nonpayment of rent. These three proceedings are being tried together in accordance with the agreement of the parties.
Prior to December 23, 1958 Lefcourt Realty Corporation (hereinafter referred to as Lefcourt) was the lessee of the entire building located at 1369 Broadway, Borough of Manhattan, City of New York. Prior to that date the tenants in these proceedings occupied different stores in said premises under separate leases, each of which will expire on May 31, 1959. All of these stores are within the coverage of the Business Rent Law (L. 1945, eh. 314, as amd.).
On December 23,1958 Lefcourt entered into a lease with petitioner whereby Lefcourt leased to petitioner four stores at said premises, including the three stores occupied by the tenants herein. This lease was to commence on January 1, 1959 and'to terminate on December 31, 1968 and was' made subordinate and subject to the leases covering the stores occupied by tenants. By agreement dated December 31, 1958, Lefcourt assigned to petitioner all its right, title and interest in and to the leases covering said four stores.
It has been stipulated that each of the tenants has not paid the rent allegedly due and that demand has been made by petitioner for such rent. It has been stipulated also that checks for rent were mailed by tenants to Lefcourt, who returned the checks to tenants with directions to pay the rent to petitioner. It has been stipulated further that the rent is the maximum rent pursuant to the provisions of the Business Rent Law,
*213 It appears that Lefcourt has retained the control of the entire premises, except for the four stores mentioned in the lease and assignment to the petitioner. It further appears that under its lease with petitioner Lefcourt retained its obligation and duty to supply steam, plumbing, elevator, sprinkler and electric services for the entire building.
The tenants herein refused to attorn to the petitioner upon the ground that there is no contractual relationship between them, and the question which necessarily arises is whether the petitioner is an assignee under section 223 of the Real Property Law and as such authorized to institute these three proceedings.
It is my opinion that the assignment by Lefcourt of the unexpired portions of the leases herein to petitioner was not a true assignment within the meaning of section 223 of the Real Property Law and was nothing more than an attempt to let the spaces occupied by tenants to another over tenants’ objections. To recognize the relationship of the parties as landlord and tenant would be an easy method of avoiding the rent laws, for the petitioner under such circumstances would be in a position after expiration of the leases to exert a claim for immediate possession. This court cannot sanction any such course of action.
Actually, all that was accomplished by the assignment herein at best was an attempt to assign the rents for the business spaces occupied by tenants. Accordingly, I find the assignment to be of no force and effect and that petitioner had no authority to commence summary proceedings herein. To paraphrase the case of Mitchell v. McClellan (193 Misc. 116) there certainly has not been a grant of those premises as such. Lefcourt necessarily remained as the only one who could give quiet and peaceable enjoyment to the tenants. It alone could operate the elevators, furnish the heating, take care of the plumbing as it was required to do under the lease and by the rent laws (L. 1945, ch. 314, §§ 2, 6, 7, as amd.) and so for all practical purposes Lefcourt remained landlord. Since it is Lefcourt that owes the duties of quiet enjoyment and warranty the tenant should owe rent, the equivalent of a tenant’s services, only to Lefcourt. It is quite beside the point to ask whether in the absence of the emergency rent laws petitioner would be entitled to the rent despite its inability to discharge the duties of landlord. We are not dealing with such a case and in view of the great risk to tenants whose possession it was the objective of the emergency laws to secure, we should confer upon the petitioner the rights of a landlord including the right to rent only when it has, in fact not merely through a form of legal phraseology, assumed the *214 status of landlord. Petitioner cannot assume that status and cannot ask to be considered landlord only for the narrow purpose of collecting rents.
The cases of N. R. M. Garage Corp. v. Feig Garage Corp. (303 N. Y. 922) and Consolidated Service Stations v. Cities Service Oil Co. (303 N. Y. 932), cited by petitioner, are inapposite to the facts of these proceedings. In each of those cases the proceedings were brought by a lessee of an entire building under the 21-year lease provision of the Commercial Rent Law.
Final order should be entered in favor of the tenants, dismissing each of the petitions herein.