Maurice Wahl, J.
These summary proceedings were brought to obtain possession of three stores occupied by tenants subject to the Business Bent Law (L. 1945, ch. 314, as amd.).
Petitioner Lefcourt Realty Corporation entered into a 10-year lease with petitioner 1026 Restaurant, Inc., whereby four stores, including the stores presently occupied by the tenants herein, were demised to petitioner 1026 Restaurant, Inc. The fourth store was and is occupied by a tenant not subject to rent controls.
The terms of the lease between the petitioners permit that the premises may be sublet in whole or in part by the petitioner 1026 Restaurant, Inc. The latter entered into a lease with the tenant in the fourth store at a substantial increase in rent.
Petitioner 1026 Restaurant, Inc. negotiated unsuccessfully with two of the three tenants herein, for the purpose of giving a sublease for the continuing occupancy and use of stores occupied by said tenants, at a substantial increase in rental together with a contribution towards improvements in excess of $60,000, which these two tenants were supposed to pay to 1026.
Tenants have not attorned to petitioner 1026, as landlord, and upon the trial of a proceeding brought by petitioner 1026, as assignee of the leases of these tenants, a decision was rendered in favor of the tenants herein denying petitioner 1026 status as landlord for the purpose of maintaining a summary proceeding (1026 Restaurant, Inc., v. Hoffzimer, 21 Misc 2d 211).
Petitioner 1026 admitted that it never intended to use all four of the stores demised via the lease between the petitioners.
Petitioner Lefcourt, through its officers and authorized agents, admitted that the lease, when entered into, was intended to permit the subletting in whole or in part by the petitioner 1026, and therefore did not require that the premises be assembled into one store, nor occupied by petitioner 1026.
*559 These three separate summary proceedings to obtain possession of three stores occupied by different tenants were consolidated at the trial, and thereafter it was stipulated that the court may render a separate final order in each proceeding.
The tenants have raised a number of points, but the only one that is of sufficient importance to merit deep consideration is the argument that the petitioners seek to create a prospective sublessor rather than a prospective tenant. In short, does the assembly of stores for one tenant on a nonmatching basis permit the subleasing of any of the aforesaid space, and, further, does the amendment to the law relax store rent control to this extent?
This court is aware of the tendency of the Legislature and of the courts gradually to decontrol business and commercial property. It is more than 16 years since the emergency statutes came into existence, and Ave are not unaAvare of the trend of the appellate courts on this subject. (See Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413; see, also, an opinion by this court in Hartford v. Regal Shoe Store No. 162, 20 Misc 2d 1055.)
On the other hand, we have the plain language of the statute: ‘‘ If such prospective tenant shall fail, after thirty days subsequent to such dispossession, to occupy such store, or if the landlord shall lease or rent such store to or permit occupancy thereof by a third person Avithin a period of one year after such dispossession, the landlord shall be liable to the tenant so dispossessed for all damages sustained on account of such removal.” (Business Rent Law, § 8, subd. [k]; L. 1945, ch. 314, as amd.)
Like Elijah, I have wrestled mightily with this problem and have come to a determination.
Since the lease in issue embraces four stores, one of which has been sublet to a third person, and the lessee will occupy only three of the four stores, the petitioner does not qualify for possession under the section. Parenthetically, it should be noted that the lease must be noncancellable. Without going into a lengthy dissertation on the subject, a reference to a few cases should suffice.
Provision in proposed lease which permitted the landlord to terminate if tenant violated any other lease between parties does not qualify under subdivision (k) even if tenant had no other lease (400 Madison Ave. Corp. v. Niego, 278 App. Div. 313, motion for leave to appeal denied 278 App. Div. 927); where contingent upon getting liquor license, does not qualify under section (Janet Leasing Corp. v. Di Pierre, 14 Misc 2d 1066). The proposed lease must be for same unit of space — occupied *560 by the tenant in possession (Eagle Nest Realty Corp. v. Schone, 198 Misc. 521).
After most careful and deliberate consideration and concern, the court is compelled by the facts and the laAv to decide for the tenants. Therefore, a final order Avill be entered in behalf of the tenants in each proceeding.
The attorneys for both sides are to be commended for their excellent briefs.